FILED
U.S. DISTRICT COURT
SO. DIV.
2009 AUG 26 PM 4:16
CLERK M. Dance
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE TROY ANTHONY DAVIS ) CASE NO. CV409-130

# ORDER

This Petition for a Writ of Habeas Corpus, originally filed with the United States Supreme Court, has been transferred to this Court, pursuant to 28 U.S.C. § 2241(b), with instructions to "receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of the trial clearly establishes petitioner's innocence." In re Davis, 557 U.S. ___, 2009 WL 2486475, at *1 (Aug. 17, 2009). In addition, the Supreme Court noted that this Court could determine that portions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") do not apply to Habeas Corpus Petitions filed under the Supreme Court's original jurisdiction, or that AEDPA cannot preclude a Petitioner from bringing a claim of "actual innocence." Id.

To aid the Court in this matter, Respondent is **ORDERED** to file an answer to the Petition, within **forty-five (45) days** of service of this Order, showing cause why the relief sought should not be granted. Respondent is **DIRECTED** to file copies of any trial transcripts, state habeas corpus proceedings transcripts, state court orders denying the writ, appellate briefs, and appellate court opinions. See Rule 5(b)-(d) of the Rules Governing § 2254 Cases in the United States District Court. Following service of the answer,

Petitioner shall have **forty-five (45) days** to file a reply.[1] The substantive portions[2] of the answer and reply shall not exceed 15,000 words. Future filings must conform to the Local Rules of this Court, except where the Rule conflicts with this Order. See S.D. Ga. L.R. 5. Further, both parties are reminded that factual assertions must include citations to the record. S.D. Ga. L.R. 7.1(b); see United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

In his Petition for a Writ of Habeas Corpus, Petitioner has asserted a free-standing actual innocence claim. (Doc. 2 at 28-32.) The Supreme Court has never explicitly held that such a claim is cognizable under the Constitution, much less explicitly determined the appropriate burden of proof in such a case. See House v. Bell, 547 U.S. 518, 554-55 (2006), Herrera v. Collins, 506 U.S. 390, 417 (1993). Accordingly, Petitioner and Respondent should be mindful to address not only the merits of this claim, but also whether such a claim is constitutionally cognizable and, if so, the appropriate burden of proof.

---

[1] Because any additional amicus curiae briefs would be untimely, the Court will not accept any other such briefs in this case. See Sup. Ct. R. 37 ("An amicus curiae brief in support of a petitioner or appellant shall be filed within 30 days after the case is placed on the docket . . . . An amicus curiae brief in support of a respondent, an appellee, or a defendant shall be submitted within the time allowed for filing a brief in opposition or a motion to dismiss or affirm.").

[2] The substantive portion of the answer and reply refers to those sections of the Parties' briefs that discuss the merits of their arguments and does not include any table of contents or appendices. However, counsel should abide strictly by these word limits and should not attempt to include any additional argument in their appendices.

Further, it has been left to this Court to determine whether 28 U.S.C. § 2254(d) prevents Petitioner from obtaining relief in this case. Davis, 557 U.S. ___, 2009 WL 2486475, at *1. Therefore, the Parties should be mindful to address the applicability of § 2254(d) with respect to both habeas petitions filed under the Supreme Court's original jurisdiction and free standing actual innocence claims.[3]

SO ORDERED this 26th day of August, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] In the Order transferring this case neither the concurrence nor the dissent mentioned the possibility that the jurisdictional bars in 28 U.S.C. § 2244(b) apply to this petition. Davis, 557 U.S. ___, 2009 WL 2486475. Of course, the jurisdictional bar in § 2244(b)(3) does not apply to original petitions for habeas corpus filed before the Supreme Court. Felker v. Turpin, 518 U.S. 651, 662-63 (1996) ("Section 2244(b)(3)'s gatekeeping system for second petitions does not apply to our consideration of habeas petitions because it applies to applications filed in the district court." (internal quotations omitted)). While Felker does not decide the applicability of § 2244(b)(1)-(2) to habeas petitions transferred to the district court, id. at 663 ("Whether or not we are bound by [the § 2244(b)(1)-(2)] restrictions, they certainly inform our consideration of original habeas petitions."), it certainly suggests that these provisions are inapposite, id. at 660 (noting that AEDPA "makes no mention of our authority to hear habeas petitions filed as an original matter in this Court"). In dicta, the Eleventh Circuit Court of Appeals also suggested that § 2244(b)(1)-(2) is inapplicable to petitions for habeas corpus originally filed in the Supreme Court. In re Davis, 565 F.3d 810, 826-27 (11th Cir. 2009). Accordingly, this Court will not revisit the issue of the applicability of these bars, which both precedent and the Transfer Order imply to be inapplicable.