STATE OF GEORGIA     §

WRIT OF ERROR FROM CHATHAM SUPERIOR COURT
TO THE SUPREME COURT OF GEORGIA

COUNTY OF CHATHAM    §

TROY ANTHONY DAVIS
         APPELLANT

VS                         INDICTMENT NUMBER O89-2467-H

STATE OF GEORGIA
         APPELLEE

## I N D E X

| | PAGE |
|---|---|
| NOTICE OF APPEAL, FILED APRIL 13, 1992 | 1 |
| NOTICE OF APPEAL, FILED APRIL 13, 1992 | 4 |
| ORDER AUTHORIZING ATTORNEY FOR INDIGENT PERSON TO APPEAL FROM ORDER OVERRULING MOTION FOR NEW TRIAL, FILED APRIL 13, 1992 | 7 |
| CRIMINAL WARRANT NUMBER 35451 | 9 |
| BILL OF INDICTMENT, FILED NOVEMBER 15, 1989 | 11 |
| ORDER APPOINTING ATTORNEY FOR INDIGENT PERSON IN CAPITAL CASE, FILED NOVEMBER 15, 1989 | 14 |
| MOTION FOR FUNDS TO HIRE AN INVESTIGATOR, FILED NOVEMBER 15, 1989 | 15 |
| ORDER TO HIRE AN INVESTIGATOR, FILED NOVEMBER 15, 1989 | 17 |
| PAUPER'S AFFIDAVIT, FILED NOVEMBER 15, 1989 | 19 |
| SERVICE OF INDICTMENT AND NOTICE OF INTENTION TO SEEK DEATH PENALTY, FILED JANUARY 16, 1990 | 21 |
| UNIFIED APPEAL, OUTLINE OF PROCEEDINGS, FILED JANUARY 16, 1990 | 26 |
| REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHIC EQUIPMENT FROM LARRY LYLE NEWS DIRECTOR WTOC-TV, FILED JANUARY 17, 1990 | 66 |
| REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHING EQUIPMENT PURSUANT TO RULES AND GUIDELINES FOR ELECTRONIC AND PHOTOGRAPHIC NEWS COVERAGE OF JUDICIAL PROCEEDINGS FROM WALLACE M. DAVIS, JR, SAVANNAH MORNING NEWS, FILED JANUARY 17, 1990 | 67 |
| MOTION TO REQUIRE THE STATE TO ANSWER ALL PRETRIAL MOTIONS IN WRITING, FILED APRIL 30, 1990 | 68 |
| MOTION FOR COMPLETE RECORDATION OF ALL PROCEEDINGS, FILED APRIL 30, 1990 | 71 |
| MOTION FOR NOTICE BY THE STATE OF THE INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION, FILED APRIL 30, 1990 | 73 |
| MOTION RESERVING THE RIGHT TO FILED ADDITIONAL MOTIONS, FILED APRIL 30, 1990 | 76 |

Res. Ex. No. 1
Case No. 4:09-CV-00130

MOTION FOR WRITTEN RULINS ON PENDING MOTIONS, FILED APRIL 30, 1990      79

MOTION TO CONTROL PREJUDICIAL PUBLICITY, FILED APRIL 30, 1990      83

MOTION FOR IMPOSITION OF A GAG ORDER ON BOTH THE STATE AND DEFENSE, FILED
     APRIL 30, 1990      87

MOTION FOR CHANGE OF VENUE, FILED APRIL 30, 1990      90

MOTION FOR INDIVIDUAL VOIR DIRE AND SEQUESTRATION OF JURORS DURING THE VOIR
     DIRE, FILED APRIL 30, 1990      94

MOTION TO PROHIBIT JURY DISPERSAL, FILED APRIL 30, 1990      97

DEFENSE MOTION NO. 9, ORDER TO PROHIBIT JURY DISPERSAL, FILED OCTOBER 12, 1990      99

MOTION TO DISCLOSE THE PAST AND PRESENT REALTIONSHIPS, ASSOCIATIONS AND TIES
     BETWEEN THE DISTRICT ATTORNEY AND PROSPECTIVE JURORS, FILED APRIL 30,
     1990      100

MOTION TO INVOKE RULE PRIOR TO VOIR DIRE, PROHIBIT WITNESSES FROM CONVERSING
     AND TO ENJOIN DISTRICT ATTORNEY FROM ADVISING WITNESSES OF PREVIOUS
     TESTIMONY, FILED APRIL 30, 1990      103

MOTION TO BE FURNISHED THE LIST OF VENIREMEN FOR THE WEEK THAT THE CASE IS
     TO BE TRIED AS SOON AS THAT LIST IS COMPLETED, FILED APRIL 30, 1990      107

MOTION TO REQUIRE THE STATE TO FURNISH PROPOSED JURY INSTRUCTIONS TWENTY-
     FOUR HOURS PRIOR TO TRIAL, FILED APRIL 30, 1990      110

DEMAND FOR LIST OF WITNESSES, FILED APRIL 30, 1990      113

MOTION FOR DISCOVERY, FILED APRIL 30, 1990      115

MOTION TO REQUIRE PROSECUTOR TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT
     UNDER BRADY AND GIGLIO, FILED APRIL 30, 1990      122

MOTION FOR COPY OF SCIENTIFIC TESTS, FILED APRIL 30, 1990      127

MOTION TO INSPECT, EXAMINE AND TEST PHYSICAL EVIDENCE, FILED APRIL 30, 1990      130

MOTION FOR COPY OF DEFENDANT'S STATEMENTS, FILED APRIL 30, 1990      134

MOTION FOR PRETIRAL DISCLOSURE OF EVIDENCE OF INDEPENDANT AND SEPARATE
     OFFENSES, WRONGS, OR ACTS, FILED APRIL 30, 1990      137

MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANT, FILED APRIL 30, 1990      139

MOTION FOR THE STATE TO INFORM THE DEFENSE AS TO WHAT EVIDENCE AND THE
     PERSONS WHO TESTIFIED AT THE GRAND JURY, FILED APRIL 30, 1990      141

MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION, FILED APRIL 30, 1990      144

MOTION TO PRESERVE EVIDENCE, FILED APRIL 30, 1990      148

MOTION FOR DISCLOSURE OF DESTROYED EVIDENCE, FILED APRIL 30, 1990      150

MOTION FOR A COPY OF THE GRAND JURY MINUTES, FILED APRIL 30, 1990    153

MOTION TO BE APPRISED OF WHICH STATUTORY AGGRAVATING CIRCUMSTANCES THE STATE
    WILL RELY ON, FILED APRIL 30, 1990    156

MOTION FOR PRELIMINARY HEARING, FILED APRIL 30, 1990    158

DEFENSE MOTION NUMBER 29, MOTION FOR PRELIMINARY HEARING, FILED OCTOBER 12,
    1990    161

MOTION FOR COPIES, FILED APRIL 30, 1990    162

MOTION TO REVEAL THE DEAL, FILED APRIL 30, 1990    165

MOTION FOR CRIMINAL RECORD AND PENDING CHARGES OF ALL STATE'S WITNESSES,
    FILED APRIL 30, 1990    168

NOTICE TO PRODUCE TO SPENCER LAWTON, JR., DISTRICT ATTORNEY, FILED APRIL 30,
    1990    171

MOTION TO EXCLUDE THE DEATH PENALTY ON ACCOUNT OF THE ARBITRARY USE OF
    PROSECUTORIAL DISCRETION IN THE ABSENSE OF STANDARDS IN REQUESTING THE
    DEATH PENALTY, FILED APRIL 30, 1990    175

MOTION TO STRIKE AND QUASH AS UNCONSTITUTIONAL O.C.G.A 15-12-164 (a) (4)
    and O.C.G.A 15-12-164 (c), FILED APRIL 30, 1990    179

MOTION TO STRIKE AND QUASH AS UNCONSTITUTIONAL THE GEORGIA STATUTES PROVIDING
    FOR THE IMPOSITION OF THE DEATH PENALTY AND THEIR APPLICATION TO THIS
    CASE, FILED APRIL 30, 1990    185

DEFENSE MOTION NUMBER 36, MOTION AS TO UNCONSTITUTION ALITY OF THE GEORGIA
    STATUTES PROVIDING FOR THE IMPOSITION OF THE DEATH PENALTY AND THEIR
    APPLICATION TO THIS CASE, FILED OCTOBER 13, 1990    190

MOTION FOR SEVERANCE, FILED APRIL 30, 1990    191

REVIEW OF GRAND JURY LIST BY THE COURT, FILED MAY 2, 1990    194

MASTER LIST OF POLICE OFFICERS AND WITNESSES SUBPOENA LIST TO MR. BARKER AND
    MR. FALLIGANT, FROM DISTRICT ATTORNEY'S OFFICE, FILED MAY 10, 1990    195

ORDER, FILED JUNE 1, 1990    204

RESPONSE OF STATE TO DEFENDANT'S MOTIONS, FILED JUNE 4, 1990    206

MOTION FOR ORDER COMPELLING DISCLOSURE OF INFORMATION, FILED OCTOBER 10, 1990    214

MOTION TO OBTAIN ORIGINAL TAPES, FILED OCTOBER 10, 1990    219

MASTER LIST OF POLICE OFFICERS AND WITNESSES SUBPOENA LIST, FILED OCTOBER
    10, 1990    223

CHATHAM COUNTY JURY SELECTION SYSTEM PETITE LISTING FOR 10/22/90, FILED
    OCTOBER 10, 1990    230

MOTION TO SUPPRESS, FILED OCTOBER 11, 1990                                      274

MOTION FOR CONTINUANCE, FILED OCTOBER 11, 1990                                 277

APPOINTMENT TO REPRESENT INDIGENT DEFENDANT, DATED OCTOBER 12, 1990            281

WITNESS LIST TO MR. ROBERT BARKER AND MR. ROBERT FALLIGANT, JR., FILED
    OCTOBER 12, 1990                                                           282

ORDER ON MOTION FOR CONTINUANCE, FILED OCTOBER 12, 1990                        284

BRIEF IN SUPPORT OF MOTIONS FILED IN OPPOSITION OF THE APPLICATION OF THE
    DEATH PENALTY AND TO EXCLUDE THE DEATH PENALTY, FILED OCTOBER 12, 1990     285

DEFENDANT'S MOTION NO. 1, MOTION FOR COMPLETE RECORDATION OF ALL PROCEEDINGS,
    FILED OCTOBER 12, 1990                                                     300

DEFENDANT'S MOTION NO. 2, MOTION RESERVING THE RIGHT TO FILE ADDITIONAL
    MOTIONS, FILED OCTOBER 12, 1990                                           301

DEFENDANT'S MOTION NO. 3, MOTION TO REQUIRE THE STATE TO ANSWER ALL PRETRIAL
    MOTIONS IN WRITING, FILED OCTOBER 12, 1990                                302

DEFENDANT'S MOTION NO. 4, MOTION FOR WRITTEN RULINGS ON PENDING MOTIONS,
    FILED OCTOBER 12, 1990                                                     303

DEFENSE MOTION NO. 5, CONTROL OF PREJUDICIAL PUBLICITY, FILED OCTOBER 12,
    1990                                                                       304

DEFENSE MOTION NO 6, GAG ORDER ON STATE AND DEFENSE, FILED OCTOBER 12, 1990    305

DEFENSE MOTION NO. 8, INDIVIDUAL VOIR DIRE AND SEQUESTRATION OF JURORS DURING
    VOIR DIRE, FILED OCTOBER 12, 1990                                          306

DEFENSE MOTION NO. 10, TO DISCLOSE RELATIONSHIP, ASSOCIATIONS AND TIES
    BETWEEN JURORS AND DISTRICT ATTORNEY, FILED OCTOBER 12, 1990               307

DEFENSE MOTION NO. 11, SEQUESTRATION OF JURORS PRIOR TO VOIR DIRE AND
    ENJOINING STATE COUNSEL, FILED OCTOBER 12, 1990                            308

DEFENSE MOTION NO. 12, MOTION FOR LIST OF VENIREMEN FOR WEEK CASE IS TO BE
    TRIED, FILED OCTOBER 12, 1990                                             309

DEFENSE MOTION NO. 13, MOTION TO REQUIRE JURY INSTRUCTIONS 24 HOURS PRIOR
    TO TRIAL, FILED OCTOBER 12, 1990                                          310

DEFENSE MOTION NO. 14, DEMAND FOR LIST OF WITNESSES, FILED OCTOBER 12, 1990    311

DEFENSE MOTION NO. 15, MOTION FOR DISCOVERY, FILED OCTOBER 12, 1990            312

DEFENSE MOTION NO. 16, BRADY AND GIGLIO'S MOTION, FILED OCTOBER 12, 1990       313

DEFENSE MOTION NO. 17, COPY OF SCIENTIFIC TESTS, FILED OCTOBER 12, 1990        314

DEFENSE MOTION NO. 18, MOTION TO INSPECT, EXAMINE AND TEST PHYSICAL EVIDENCE,
    FILED OCTOBER 12, 1990                                                     315

DEFENSE MOTION NO. 19, MOTION FOR COPY OF DEFENDANT'S STATEMENTS, FILED
OCTOBER 12, 1990
316

DEFENSE MOTION NO. 20, PRETRIAL DISCLOSURE OF INDEPENDENT AND SEPARATE
OFFENSES, WRONGS, OR ACTS, FILED OCTOBER 12, 1990
317

DEFENSE MOTION NO. 22, MOTION OF DISCLOSURE OF CONFIDENTIAL INFORMANT, FILED
OCTOBER 12, 1990
318

DEFENSE MOTION NO. 23, MOTION FOR PERSONS WHO TESTIFIED AT GRAND JURY, FILED
OCTOBER 12, 1990
319

DEFENSE MOTION NO. 24, ADDITIONAL BRADY AND GIGLIO MOTION, FILED OCTOBER 12,
1990
320

DEFENSE MOTION NO. 25, MOTION TO PRESERVE EVIDENCE, FILED OCTOBER 12, 1990    321

DEFENSE MOTION NO. 26, DISCOVERY OF DESTROYED EVIDENCE, FILED OCTOBER 12, 1990   322

DEFENSE MOTION NO. 27, COPY OF GRAND JURY MINUTES, FILED OCTOBER 12, 1990    323

DEFENSE MOTION NO. 28, AGGRAVATING CIRCUMSTANCES, FILED OCTOBER 12, 1990    324

DEFENSE MOTION NO. 30, MOTION FOR COPIES, FILED OCTOBER 12, 1990    325

DEFENSE MOTION NO. 31, REVEAL THE DEAL, FILED OCTOBER 12, 1990    326

DEFENSE MOTION NO, 32, CRIMINAL RECORDS OF STATE'S WITNESSES, FILED OCTOBER
12, 1990
327

DEFENSE MOTION NO, 33, NOTICE TO PRODUCE, FILED OCTOBER 12, 1990    328

DEFENSE MOTION NO. 34, MOTION TO EXCLUDE DEATH PENALTY FOR ARBITRARY USE OF
PROSECUTORIAL DISCRETION, FILED OCTOBER 18, 1990
329

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHIC EQUIPMENT FROM LARRY LYLES
NEWS DIRECTOR, WTOC-TV, FILED OCTOBER 16, 1990
332

MEMORANDUM REGARDING MURDER INDICTMENTS SINCE 1985 TO JUDGE JAMES W. HEAD
FROM DAVE RATHBONE, FILED OCTOBER 16, 1990
333

DEFENSE MOTION NO, 35, MOTION AS TO UNCONSTITUTIONALITY OF O.C.G.A. 15-12-164
(a) (4) AND O.C.G.A. 15-12-164 (c), FILED OCTOBER 18, 1990
338

DEFENSE MOTION NO. 7, CHANGE OF VENUE, FILED OCTOBER 18, 1990    339

DEFENSE MOTION NO. 37, SEVERANCE MOTION, FILED OCTOBER 18, 1990    340

MOTION FOR PSYCHIATRIC ASSISTANCE, FILED OCTOBER 18, 1990    342

ORDER ON PSYCHIATRIC ASSISTANCE, DATED OCTOBER 18, 1990    344

DEFENSE MOTION NO. 38, MOTION TO OBTAIN ORIGINAL TAPES, FILED OCTOBER 18,
1990
346

MOTION FOR BAIL, FILED OCTOBER 18, 1990                                   347

DEFENSE MOTION NO. 39, MOTION FOR DISTRICT ATTORNEY TO DISCLOSE INFORMATION,
    FILED OCTOBER 18, 1990                                                348

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS, FILED OCTOBER 24, 1990   349

MASTER LIST OF POLICE OFFICERS AND WITNESSES SUBPOENA LIST AMENDED OCTOBER
    11, 1990, FILED OCTOBER 31, 1990                                      358

STATE'S BRIEF ON MOTION TO SUPPRESS, FILED NOVEMBER 1, 1990               365

TRAVERSE JURY LIST FOR CHATHAM COUNTY, FILED NOVEMBER 8, 1990             369

OBJECTIONS TO PRINTOUT PRESENTED BY DEFENDANT UNDER MOTION TO EXLUDE THE
    DEATH PENALTY (MOTION NO, 34), FILED NOVEMBER 8, 1990                 370

DEFENDANT'S MOTION NO. 21 AND 40, MOTIONS TO SUPPRESS, FILED NOVEMBER 8, 1990   372

LETTER FROM JUDGE JAMES W. HEAD TO SPENCER LAWTON, DAVID LOCK, ROBERT E.
    FALLIGANT, JR, AND ROBERT E. BARKER, DATED NOVEMBER 8, 1990          374

NOTICE OF APPEAL, FILED NOVEMBER 13, 1990                                 375

POLICE OFFICERS AND WITNESSES SUBPOENA LIST, FILED NOVEMBER 13, 1990      378

HEARING TO DETERMINE APPROPRIATENESS OF INTERIM APPELATE REVIEW OF PRETRIAL
    RULINGS UNDER O.C.G.A. 17-10-35.2, FILED NOVEMBER 13, 1990           379

ORDER UNDER O.C.G.A. 17-10-35.2 DENYING PRETRIAL APPEAL, FILED NOVEMBER 14,
    1990                                                                  380

LETTER FROM SPENCER LAWTON, JR TO MR. ROBERT BARKER AND MR. ROBERT FALLIGANT,
    JR, FILED NOVEMBER 15, 1990                                          387

STATE'S OBJECTIONS TO DEFENSE JURY QUESTIONNAIRE, FILED NOVEMBER 15, 1990   389

SUBPOENA FOR DEFENDANT TO ANTIONE WILLIAMS, DATED NOVEMBER 20, 1990       392

LETTER FROM SUPREME COURT OF GEORGIA, FILED NOVEMBER 26, 1990             393

ORDER FROM THE SUPREME COURT OF GEORGIA, FILED NOVEMBER 26, 1990          394

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR. DON SCOTT WBMQ RADIO, OATLAND
    ISLAND, FILED MAY 24, 1991                                           395

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR. HARRY BOWMAN WSAV T.V., FILED
    MAY 24, 1991                                                          396

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR. DOUG WEATHERS WTOC T.V. FILED
    MAY 24, 1991                                                          397

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR. MARK TAYLOR WJCL T.V., FILED
    MAY 24, 1991                                                          398

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR JAN SKUTCH SAVANNAH NEWS PRESS, FILED MAY 24, 1991                                                                399

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO MR DAVID MAROCCI WSGA/WZAT, FILED MAY 24, 1991                                                                400

SHERIFF'S ENTRY OF SERVICE TO HARRY BOWMAN, DATED MAY 24, 1991                401

SHERIFF'S ENTRY OF SERVICE TO MARK TAYLOR, DATED MAY 24, 1991                402

SHERIFF'S ENTRY OF SERVICE TO DOUG WEATHERS, DATED MAY 24, 1991              403

SHERIFF"S ENTRY OF SERVICE TO DAVID MARCOCCI, DATED MAY 24, 1991             404

SHERIFF'S ENTRY OF SERVICE TO DON SCOTT, DATED MAY 24, 1991                  405

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHIC EQUIPMENT FROM DOUG WEATHERS VP NEWS WTOC-TV, FILED MAY 30, 1991                                         406

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHING EQUIPMENT, FILED MAY 31, 1991                                                                          407

ORDER FROM THE SUPREME COURT OF GEORGIA, FILED JUNE 3, 1991                  408

DEFENDANT'S BRIEF SUPPORTING MOTION FOR CHANGE OF VENUE, FILED JUNE 7, 1991  409

MASTER LIST OF POLICE OFFICERS AND WITNESSES SUBPOENA LIST AMENDED JULY 11, 1991, FILED JULY 12, 1991                                                    418

ORDER REGARDING HEARING ON ELECTRONIC-MEDIA BEING USED DURING THE TRIAL, FILED JULY 11, 1991                                                            425

BRIEF OF STATE ON MOTION TO CHANGE VENUE, FILED JULY 16, 1991                426

LETTER FROM SPENCER LAWTON, JR. TO MR. EDDIE WORTHAN, STATE DEPARTMENT OF CORRECTIONS, FILED JULY 18, 1991                                               430

BRIEF OF STATE ON MOTION TO CHANGE VENUE, FILED JULY 19, 1991                433

MASTER LIST POLICE OFFICERS AND WITNESSES SUBPOENA LIST AMENDED JULY 25, 1991, FILED JULY 25, 1991                                                      437

ORDER RE: DEFERRAL REQUEST OF BETTIE A BOHANNON, FILED AUGUST 7, 1991        446

ORDER RE: DEFERRAL REQUEST OF DELORES J. BLYSTONE, FILED AUGUST 7, 1991      447

SUBPOENA ON BEHALF OF THE DEFENDANT, FILED AUGUST 7, 1991                    448

DISCOVERY, FILED AUGUST 8, 1991                                             449

NOTICE OF INTENT TO PRESENT EVIDENCE OF SIMILAR TRANSACTION, FILED AUGUST 8, 1991                                                                       452

ORDER RE: DEFERRAL REQUEST OF WARREN S. YOUMANS, FILED AUGUST 8, 1991        455

ORDER RE: DEFERRAL REQUEST OF LOUISE B. TIDMAN, FILED AUGUST 7, 1991          456

ORDER RE: DEFERRAL REQUEST OF WILLIAM HUGH STEPHENS, JR, FILED AUGUST 7, 1991    457

ORDER RE: DEFERRAL REQUEST OF WILLIAM W. SPRAGUE, JR., FILED AUGUST 7, 1991     458

ORDER RE: DEFERRAL REQUEST OF PAUL N. GILLON, FILED AUGUST 7, 1991             459

ORDER RE: DEFERRAL REQUEST OF ANDREA G. PADGETT, FILED AUGUST 7, 1991          460

ORDER RE: DEFERRAL REQUEST OF AMY ANDERSON DYE, FILED AUGUST 7, 1991           461

ORDER RE: DEFERRAL REQUEST OF EDITH W. POTTS, FILED AUGUST 7, 1991             462

ORDER RE: DEFERRAL REQUEST OF GEOFFREY L. GILMAN, FILED AUGUST 7, 1991         463

ORDER RE: DEFERRAL REQUEST OF ROGER N. MCLAUGHLIN, FILED AUGUST 7, 1991        464

ORDER RE: DEFERRAL REQUEST OF ANGELA V. HANKINSON, FILED AUGUST 7, 1991        465

DEFENDANT'S WITNESS LIST, DATED AUGUST 9, 1991                                 466

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO CUSTODIAN OF RECORDS MEMORIAL
    HOSPITAL, FILED AUGUST 9, 1991                                             471

NOTICE OF EVIDENCE TO BE USED IN AGGRAVATION OF PUNISHMENT, FILED AUGUST
    9, 1991                                                                    472

ORDER RE: DEFERRAL REQUEST OF DONALD E. FOCHT, FILED AUGUST 9, 1991            479

ORDER RE: DEFERRAL REQUEST OF MILTON D. MATHIS, FILED AUGUST 9, 1991           480

ORDER RE: DEFERRAL REQUEST OF THOMAS CHAD CARVER, FILED AUGUST 9, 1991         481

ORDER RE: DEFERRAL REQUEST OF J. BRIAN WOFFORD, FILED AUGUST 9, 1991           482

DEFENDANT'S OBJECTION TO NOTICE OF EVIDENCE TO BE USED IN AGGREVATION OF
    PUNISHMENT AND MOTION IN LIMINE, FILED AUGUST 14, 1991                     483

BRIEF IN SUPPORT OF OBJECTION TO STATE'S NOTICE OF EVIDENCE TO BE USED IN
    AGGREVATION OF PUNISHMENT AND MOTION IN LIMINE, FILED AUGUST 14, 1991      487

DEFENDANT'S OBJECTION TO STATE'S NOTICE OF INTENT TO PRESENT EVEIDENCE OF
    SIMILAR TRANSACTIONS AND DEFENDANT'S MOTION IN LIMINE, FILED AUGUST
    14, 1991                                                                   492

BRIEF IN SUPPORT OF OBJECTION TO STATE'S NOTICE OF INTENT TO PRESENT EVIDENCE
    OF SIMILAR TRANSACTIONS AND DEFENDANT'S MOTION IN LIMINE, FILED AUGUST
    14, 1991                                                                   495

ORDER RE: DEFERRAL REQUEST OF JONATHON S. JONES, FILED AUGUST 14, 1991         499

ORDER RE: DEFERRAL REQUEST OF IRENE SAINZ MAYO, FILED AUGUST 14, 1991          500

(

ORDER RE: DEFERRAL REQUEST OF EVELYN W. MIDDLETON, FILED AUGUST 14, 1991          501

ORDER RE: DEFERRAL REQUEST OF GEORGE A. LUGERT, FILED AUGUST 14, 1991             502

ORDER RE: DEFERRAL REQUEST OF GARY M. HEAD, FILED AUGUST 14, 1991                 503

ORDER RE: DEFERRAL REQUEST OF MICHELLE M. RYAN, FILED AUGUST 14, 1991             504

ORDER RE: DEFERRAL REQUEST OF MELISSA MCKENZIE, FILED AUGUST 14, 1991             505

ORDER RE: DEFERRAL REQUEST OF KERRY D. SCOTT, FILED AUGUST 14, 1991               506

ORDER RE: DEFERRAL REQUEST OF BEVERLY COBB, FILED AUGUST 14, 1991                 507

ORDER RE: DEFERRAL REQUEST OF CHARLES G. FULTON, FILED AUGUST 14, 1991            508

ORDER RE: DEFERRAL REQUEST OF JAY EPSTEIN, FILED AUGUST 14, 1991                  509

DEFENDANT'S REQUEST FOR INSTRUCTIONS TO THE JURY, FILED AUGUST 16, 1991           510

SUBPOENA FOR THE PRODUCTION OF EVIDENCE TO CUSTODIAN OF RECORDS BEAUFORT
   COUNTY HEALTH DEPARTMENT, BEAUFORT COUNTY SOUTH CAROLINA, FILED AUGUST
   16, 1991                                                                       526

SUBPOENA FOR DEFENDANT FOR SHELLY SAMS, DATED AUGUST 19, 1991                     527

JUROR QUESTIONAIRES NUMBER 201 THROUGH NUMBER 449, DATED AUGUST 19, 1991          528

REQUESTS TO CHARGE BY THE STATE, FILED AUGUST 19, 1991                            2633

ORDER RE: DEFERRAL REQUEST OF MARK T. LEDFORD, FILED AUGUST 19, 1991              2657

ORDER RE: DEFERRAL REQUEST OF CRYSTAL D. HEIDT, FILED AUGUST 19, 1991             2658

ORDER RE: DEFERRAL REQUEST OF JANE ROCKWELL TYLER, FILED AUGUST 19, 1991          2659

ORDER RE: DEFERRAL REQUEST OF HORACH RUNARD THOMAS, FILED AUGUST 19, 1991         2660

ORDER RE: DEFERRAL REQUEST OF MARGARET W. CONNOR, FILED AUGUST 19, 1991           2661

ORDER RE: DEFERRAL REQUEST OF ROBERT BLANTON, FILED AUGUST 19, 1991               2662

ORDER RE: DEFERRAL REQUEST OF GLORIA D. (LANDING) CARNS, FILED AUGUST 19,
   1991                                                                           2663

ORDER RE: DEFERRAL REQUEST OF JOHN A. BLOCKER, FILED AUGUST 19, 1991              2664

ORDER RE: DEFERRAL REQUEST OF IDA MAYES LAW, FILED AUGUST 19, 1991                2665

ORDER RE: DEFERRAL REQUEST OF PAMELA RODY, FILED AUGUST 19, 1991                  2666

ORDER RE: DEFERRAL REQUEST OF DONALD C. ANDERSON, FILED AUGUST 19, 1991           2667

ORDER RE: DEFERRAL REQUEST OF FLOYD E. TAYLOR, FILED AUGUST 19, 1991              2668

ORDER RE:  DEFERRAL REQUEST OF VICKIE L. ASHLEY, FILED AUGUST 19,1991        2669

ORDER RE:  DEFERRAL REQUEST OF ANNETTE ALLEN, FILED AUGUST 19, 1991          2670

DISCOVERY, FILED AUGUST 21, 1991                                            2671

ORDER RE:  DEFERRAL REQUEST OF ROBYN POPPELL REDDING, FILED AUGUST 21, 1991
                                                                            2673

ORDER RE: DEFERRAL REQUEST OF GERTRUDE B. (WILSON) MACK, FILED 8/21/91       2674

ORDER RE:  DEFERRAL REQUEST OF LAWRENCE D. WRIGHT, FILED 8/21/91             2675

ORDER RE:  DEFERRAL REQUEST OF RICHARD HALL, FILED 8/21/91                   2676

ORDER RE:  DEFERRAL REQUEST OF DENISE LYNN WALL, FILED 8/21/91               2677

ORDER RE:  DEFERRAL REQUEST OF ROBERT ERIC OETGEN, FILED 8/22/91             2678

ORDER RE:  DEFERRAL REQUEST OF LAUREN L. WYNN, FILED 8/22/91                 2679

ORDER FOR A CHANGE OF VENUE, FILED 8/22/91                                  2680

ORDER ON NO ADDITIONAL DOCUMENTS PRESENTED FOR AN IN-CAMERA INSPECTION,
    FILED 8/22/91                                                           2682

ORDER REGARDING JOSEPH WASINGTON, FILED 8/22/91                             2683

ORDER ON ALLOWING ELECTRONIC-MEDIA COVERAGE, FILED 8/22/91                  2684

ORDER ON VOIR DIRE, FILED 8/22/91                                           2685

SUBPOENA FOR PRODUCTION OF EVIDENCE TO STEVE BISSON, SAVANNAH NEWS
PRESS, FILED 8/26/91                                                        2687

JURY STRIKES, FILED 8/26/91                                                 2688

SUBPOENA FOR PRODUCTION OF EVIDENCE TO CUSTODIAN OF RECORDS, PROBATE
COURT OF CHATHAM COUNTY, FILED 8/27/91                                      2689

LETTER FROM BRENDA WATSON, FILED  8/27/91                                   2690

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHING EQUIPMENT BY SAVANNAH
MORNING NEWS, FILED 8/28/91                                                 2691

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHIC EQUIPMENT FROM DOUG
WEATHERS, VP NEWS WTOC-TV, FILED 8/28/91                                    2692

VERDICT FORMS, COUNT ONE, MALICE/FELONY MURDER VERDICT FORM, FILED
8/28/91                                                                     2693

VERDICT FORMS, COUNT TWO, OBSTRUCTION OF A LAW ENFORCEMENT OFFICER, FILED, 8/28/91 ... 2694

VERDICT FORMS, COUNT THREE, AGGRAVATED ASSAULT AS TO LARRY DOUGLAS YOUNG, FILED, 8/28/91 ... 2695

VERDICT FORMS, COUNT FOUR, AGGRAVATED ASSAULT AS TO MICHAEL COOPER, FILED 8/28/91 ... 2696

VERDICT FORMS, COUNT FIVE, POSSESSION OF FIREARM DURING COMMISSION OF A FELONY, FILED 8/28/91 ... 2697

PENALTY INSTRUCTION TO JURY, FILED 8/29/91 ... 2698

QUESTIONS FROM THE JURY, FILED 8/29/91 ... 2712

QUESTION FROM THE JURY AND ANSWER FROM THE JUDGE FILED, 8/29/91 ... 2713

ANSWER FROM THE JUDGE ON QUESTION FROM THE JURY, FILED 8/30/91 ... 2715

DEATH-PAROLE QUESTIONS BY JURY, FILED 8/30/91 ... 2716

VERDICT FILED 9/3/91 ... 2717

SENTENCE OF TROY ANTHONY DAVIS FILED 9/3/91 ... 2718

RIGHTS GIVEN, DATED 9/3/91 ... 2721

AFFIDAVIT OF CUSTODIAN, DATED 9/3/91 ... 2722

PRISONERS PERSONAL HISTORY SHEET, DATED 9/3/91 ... 2723

ORDER OF DEFENDANTS MOTION OF PEREMPTORY STRIKES, FILED 9/5/91 ... 2724

ORDER TO PREPARE A COPY OF THE TRANSCRIPT AND ALL PRETRIAL HEARINGS TO BE GIVEN TO DEFENDANT, FILED 9/12/91 ... 2725

APPOINTMENT TO REPRESENT INDIGENT DEFENDANT TO ATTY. ROBERT E. FALLIGANT, JR., FOR APPEAL, DATED 9/12/91 ... 2726

APPOINTMENT TO REPRESENT INDIGENT DEFENDANT TO ATTY. ROBERT E. BARKER FOR APPEAL, DATED 9/12/91 ... 2727

ORDER REGARDING ATTORNEYS' , FILED 9/12/91 ... 2728

MOTION FOR NEW TRIAL FILED 10/1/91 ... 2729

ORDER TO SHOW CAUSE AND SUPERSEDEAS, FILED 10/1/91 ... 2730

ORDER TO EXTEND TIME TO FILE TRANSCRIPT, FILED 10/8/91 ... 2732

MOTION FOR CONTINUANCE AND OTHER RELATED MATTERS FILED, 12/2/91 ... 2733

ORDER ON MOTION FOR CONTINUANCE, FILED 12/2/91 ... 2735

APPOINTMENT TO REPRESENT INDIGENT DEFENDANT – ATTY JACK BURCH ... 2738

ORDER SCHEDULING HEARING ON ANY POTENTIAL INEFFECTIVE ASSISTANCE OF
COUNSEL, FILED 12/2/91                                                   2739

ORDER TO BRING DEFENDANT TO HIS HEARING REGARDING MOTION FOR NEW TRIAL,
FILED 12/10/91                                                          2740

ORDER FILED RESCHEDULING MOTION FOR NEW TRIAL FILED, 1/24/92            2741

REQUEST FOR SUBPOENAS FILED, 2/10/92                                    2742

ATTORNEY'S ACKNOWLEDGEMENT OF RECEIPT OF TRANSCRIPTS, FILED 2/13/92     2743

RECEIPT FOR SEVEN VOLUMES OF TRANSCRIPTS, FILED 2/13/92                 2744

AMENDED MOTION FOR NEW TRIAL, FILED 2/14/92                             2745

AMENDMENT TO AMENDED MOTION FOR NEW TRIAL, FILED 2/19/92                2750

AMENDMENT TO MOTION FOR NEW TRIAL AS TO INEFFECTIVE ASSISTANCE OF TRIAL
COUNSEL, FILED 2/18/92                                                  2752

BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, FILED 2/18/92                 2758

ORDER ON AMENDING MOTION FOR NEW TRIAL, FILED 2/20/92                   2783

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL AND AMENDED MOTION
FOR NEW TRIAL, FILED 2/24/92                                            2785

STATE'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL, FILED
3/2/92                                                                  2805

AMENDMENT TO AMENDED MOTION FOR NEW TRIAL, FILED 3/5/92                 2816

ORDER DENYING MOTION AS TO INEFFECTIVE ASSISTANCE OF COUNSEL, FILED
3/16/92                                                                 2820

ORDER DENYING MOTION FOR NEW TRIAL, FILED 3/16/92                       2822

REPORT OF THE TRIAL JUDGE, FILED 6/25/92                                2823

CLERK'S CERTIFICATE                                                     2835

# SUPERIOR COURT-CHATHAM COUNTY, GEORGIA-EASTERN JUDICIAL CIRCUIT

DORIS S. STEPHENS
CLERK OF SUPERIOR COURT
P.O. BOX 10270
SAVANNAH, GEORGIA 31412

TELEPHONE NUMBER:   (912)-944-4794

CASE NUMBER:   089-2467-H

TROY ANTHONY DAVIS
            APPELLANT

ROBERT E. FALLIGANT JR.
ROBERT E. BARKER
**ATTORNEY**

POST OFFICE BOX 9236
**ADDRESS**

SAVANNAH, GEORGIA  31412

(912) 236-2774
**TELEPHONE**

VS

STATE OF GEORGIA
            APPELLEE

SPENCER LAWTON
**ATTORNEY**

133 MONTGOMERY STREET
**ADDRESS**

SAVANNAH, GEORGIA  31401

(912) 652-7308
**TELEPHONE**

BILL DELOACH
**COURT REPORTER**

133 MONTGOMERY STREET ROOM 511
**ADDRESS**

SAVANNAH, GEORGIA  31401

(912) 652-7168
**TELEPHONE**

FILED IN OFFICE

IN THE SUPERIOR COURT OF CHATHAM COUNTY APR 1 3 1992
STATE OF GEORGIA

Dep. Clerk, Superior Court
CHATHAM COUNTY, GA.

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| VS. | ) | CASE NO. 089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |
| DEFENDANT | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Troy Anthony Davis, Defendant above named, hereby appeals to the Georgia Supreme Court from the judgement of conviction and sentence entered herein on September 3, 1991.

The offense for which Defendant was convicted is Murder, Obstruction (Felony) Possession of a Firearm, during the commission of a felony, Aggravated Assault (2 counts).

and the sentence imposed is as follows:  Murder; Death Count One; Count Two - Obstruction 5 years consecutive to Count One; Possession of Firearm - 5 years consecutive to Count Two;  Aggravated Assault - 2 Counts - Twenty years on each Count to run concurrent to Count One.

Motion for New Trial was filed and overruled on March 16th, 1992. The clerk will please omit nothing from the record on appeal.

Transcript of evidence and proceedings will be filed for inclusion in the record on appeal.

This Court, rather than the ~~Supreme~~ *oF APPEALS* Court has jurisdiction of this case on appeal for the reason that the death penalty is involved.

This *13th* day of *April*, 1992.

Respectfully submitted,

Robert E. Falligant, Jr.
State Bar Number 254800

Robert E. Barker
State Bar Number 037700
Attorneys for the Defendant
Troy Anthony Davis

P.O. Box 9236
Savannah, Georgia  31412
(912) 236-2774

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served the following counsel of record in the

above and foregoing matter with a copy of this document by placing a copy of the same in the

United States Mail with adequate postage thereon:

> **U.S. DISTRICT ATTORNEY**
> **SPENCER LAWTON**
> **CHATHAM COUNTY COURTHOUSE**
> **COURTHOUSE ROOM #400**
> **133 MONTGOMERY STREET**
> **SAVANNAH, GA  31401**

This _/3_ day of _April_ , 1992.

                                    **ROBERT E. BARKER**
                                    **STATE BAR NO 037700**

**P.O. Box 10072**
**Savannah, Georgia  31412**
**(912) 236-2774**

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

FILED IN OFFICE

APR 3 1992

Dep. Clerk, Superior Court
CHATHAM COUNTY, GA.

| | | |
|---|---|---|
| STATE OF GEORGIA | * | |
| | * | |
| vs | * | INDICTMENT NO:  #089-2467-1 |
| | * | |
| TROY ANTHONY DAVIS, | * | |
| | * | |
| Defendant | * | |

## NOTICE OF APPEAL

Notice is hereby given that **TROY ANTHONY DAVIS**, Defendant named above, hereby appeals to The Supreme Court of Georgia from the Judgement entered in the within and foregoing case on March 16, 1992 in the Superior Court of Chatham County, Georgia denying Defendant's Amended Motion for New Trial, including ineffective assistance of counsel issues. The offense for which Defendant was convicted was **MURDER**.

Defendant was sentenced to death.

The Clerk will please omit nothing from the record on appeal, but shall include every part of the record including the pre-trial motions and the charge to the Jury by the Court. The transcript of the evidence, motions and proceedings should be filed for inclusion in the record on appeal.

4

The Supreme Court of Georgia has original appellate jurisdiction of this matter on appeal.

This ___ day of _____, 19 __

```
C. JACKSON BURCH
Attorney for Defendant
Georgia Bar No:  #094510
111 East Oglethorpe Avenue
Savannah, GA  31401
(912) 232-7522
```

5

CERTIFICATE OF SERVICE


I HEREBY CERTIFY that I have this day served a copy of the following:

Notice of Appeal

X by hand delivery

_____ by depositing a copy of same in the United States Mail with sufficient postage thereon to insure delivery to:

The Office of The District Attorney
Chatham County Courthouse
133 Montgomery Street
Sixth Floor
Savannah, GA  31499

Robert E. Barker, Esquire
23 East Charlton Street
Savannah, GA  31401

Robert E. Falligant, Jr., Esquire
23 East Charlton Street
Savannah, GA  31401

Ms. Nancy Askew
Post Office Box 8005
Savannah, GA  31412

This 13 day of _____, 19___.


C. JACKSON BURCH
ATTORNEY FOR DEFENDANT
111 East Oglethorpe Avenue
Post Office Box 8251
Savannah, GA  31401
(912) 232-7522
Georgia Bar No:  #094510


6

FILED IN OFFICE

IN THE SUPERIOR COURT OF CHATHAM COUNTY APR 13 1992

STATE OF GEORGIA

Dep. Clerk, Superior Court
CHATHAM COUNTY, GA.

| | | |
|---|---|---|
| STATE OF GEORGIA | * | |
| | * | |
| vs | * | INDICTMENT NO: #089-2467-1 |
| | * | |
| TROY ANTHONY DAVIS, | * | |
| | * | |
| Defendant | * | |

### ORDER AUTHORIZING ATTORNEY FOR INDIGENT PERSON TO APPEAL FROM ORDER OVERRULING MOTION FOR NEW TRIAL

Defendant's Motion for New Trial coming on to be heard and after hearing argument by counsel the same was overruled and a new trial is denied on each and every ground therein.

Also, it appearing that the Court heretofore previously appointed C. JACKSON BURCH, Attorney at Law, to represent Defendant on appeal because of his poverty, pursuant to O.C.G.A. 17-12-60 and 61; and it appearing further to the Court that the said TROY ANTHONY DAVIS is indigent and because of his poverty unable to obtain an attorney to prosecute his appeal;

WHEREFORE, the Court does hereby authorize, C. JACKSON BURCH, Attorney at Law, to prosecute the appeal of TROY ANTHONY DAVIS to the Supreme Court Court of Appeals of Georgia pursuant to O.C.G.A. 17-20-60 and 61.

SO ORDERED this _13_ day of _April_____, 19_92_

THE HONORABLE JAMES W. HEAD
JUDGE, SUPERIOR COURT, EJC

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

FILED IN OFFICE

APR 13 1992

Dep. Clerk, Superior Court
CHATHAM COUNTY, GA.

| | | |
|---|---|---|
| STATE OF GEORGIA | * | |
| | * | |
| vs | * | INDICTMENT NO:  #089-2467-1 |
| | * | |
| TROY ANTHONY DAVIS, | * | |
| | * | |
| Defendant | * | |

### AFFIDAVIT OF ATTORNEY FOR INDIGENT PERSON ON APPEAL

Personally comes C. JACKSON BURCH, Attorney at Law, appointed to prosecute the appeal of TROY ANTHONY DAVIS, to the Supreme Court of Georgia, who deposes and says on his solemn oath that he is seeking said appeal in good faith and upon reasonable grounds as he verily believes.

This Affidavit made pursuant to O.C.G.A. 17-20-16 and 61.

C. JACKSON BURCH
Attorney for Defendant
Georgia Bar No:  #094510
111 East Oglethorpe Avenue
Savannah, GA  31401
(912) 232-7522

Sworn to and subscribed before me
this 13th day of April,
1992.

Mary Lynn
NOTARY PUBLIC

8

# CRIMINAL WARRANT
Recorder's Court of Chatham County
(Name of Court)

STATE OF GEORGIA, Chatham County

Personally came __Detective Greg P. Ramsey_____ who on oath says that,
to the best of his knowledge and belief __Troy Anthony Davis__, did, on the __19__ day of
(Name of Defendant)
__August_____ in the year Nineteen Hundred and __89__, in the county afore-
said commit the offense of __MURDER_____
(Describe Offense)
at approximately ____1:10____ (A.M.) P.M. __MURDER_____ against
Police Officer Mark A. MacPhail
(Name of Victim)
by __Shooting to death police officer Mark A. MacPhail at 610 W. Oglethrope Ave.__
__on August 19, 1989 at approx. 1:10 A.M.   Savannah, Chatham County, Ga.__
(If larceny describe property alleged to have been stolen with a description thereof, the name of the owner, the value of such
property and the name of the person from whose possession such property was taken.)

_____Sav., Ch. Co., Ga.

and this deponent makes this affidavit that a warranty may issue for the arrest of said defendant.

Sworn to and subscribed before me, this __19__ day of __August__ 19_89_

_____        X_____
Judge, The Recorder's Court of Chatham County              (Deponent)

Sec. 27-103 & 27-103-1 & 104

GEORGIA, CHATHAM COUNTY
To the Sheriff of Chatham County and his lawful Deputies, all and singular the Sheriffs of this State and their lawful deputies, lawful Con-
stables of this State, the officers of the Chatham County Police Department, the officers of the Police Department of the City of Savannah and
other municipalities in Chatham County, the State Patrol and all other law enforcement officers and agents of this State Greeting:
__detective Greg P. Ramsey__ makes oath before me that on the __19__ day of
(Name of Deponent)
__August__, in the year 19_89_ the county aforesaid __Troy Anthony Davis__
(Name of Defendant)
did commit the offense of __MURDER_____
at approximately __1:10__ (A.M.) P.M. at __610 W. Oglethrope Ave., Savannah, Chatham County, G__
against __Police Officer Mark A. MacPhail__ by __Shooting to death police officer Mark A.__
(Name of Victim)
__MacPhail at 610 W. Oglethrope Ave. Savannah, Chatham County, GA., on August 19, 1989__
(Repeat what is in dependent's affidavit)
__at approx. 1:10 A.M.__

_____Sav., Ch. Co., Ga.

You are therefore commanded to arrest the body of the said __Troy Anthony Davis__
(Name of Defendant)
and bring him before me or some other judicial officer of this State, to be dealt with as the law directs. Herein fail not.

Sec. 27-105                                _____(L.S.)
                              Judge, The Recorder's Court of Chatham County

STATE OF GEORGIA
CHATHAM COUNTY
I have this day executed the foregoing warrant __Aug 23__ 19_89_ at _1650_ (A.M.) P.M.

_____
Title of Officer

GEORGIA, CHATHAM COUNTY __Troy A. Davis__
_____ having been arrested on a warrant for the offense of
(Name of Defendant)

and brought before me after hearing evidence it is ordered that he be committed for trial for the offense of _____
__Murder__

And the jailer of said county is required to receive and safely keep him until discharged by due process of law.

It is further ordered that said defendant be allowed to bind himself with sufficient securities in a bond of _____

_____ Dollars for his appearance at the present term or succeeding term or terms
thereafter of the State Court of Chatham County and/or the Superior Court of Chatham County, Georgia to be held in and for said County until
the matter shall be finally disposed of as provided by law, in which event he shall be released from being held in jail to answer the said charge.

Witness my hand and seal this __8__ day of __Sept__ 19_89_.

Sec. 27-109                                _____
                              Judge, The Recorder's Court of Chatham County

89-09-163

No. 35451

THE RECORDER'S COURT OF
CHATHAM COUNTY, GA.

CRN  8908010509

# CRIMINAL WARRANT

## THE STATE

vs. 289230053

TROY ANTHONY DAVIS

Residence  1628 Slyvester Dr.  Savannah, Ga.

Color  B   Sex  M   Age  10-09-68

__MURDER__
Charged with
16-5-1
(Name of Offense)

Byron FLEMMING DA
Attorney for Defendant

DOA
Request  8-23-89
Jury _____ Non-Jury  JAID

Amount of Bond  NONE

Bondsman  JAIL

Time and Date Bond Posted and Defendant Released:

Time _____ (A.M.)(P.M.)

SUPERIOR COURT

---

Witnesses for the State:

Name  Det. Cpl. Greg Ramsey

Residence  SPD

Name _____

Residence _____

Name _____

Residence _____

Name _____

Residence _____

Name _____

Residence _____

Name  10402

Residence  RECEIVED
CASE MANAGEMENT DIVISION

Name  OCT 09 1989

Name _____

Residence  JUDGE ASSIGNED

Name _____

Residence _____

Attorney for State

---

## THE RECORDER'S COURT OF CHATHAM COUNTY

I _____ have been advised that I am being

charged with _____

and that the maximum punishment that I can receive is 12 months imprisonment and/or a $1,000.00 fine;
and that the minimum punishment I can receive is a suspended fine and/or a suspended term of imprison-
ment or a sentence of probation. I have been advised of my rights to be represented by counsel and have
counsel appointed to represent me if I am indigent; plead not guilty and be tried by a jury or a judge, con-
front the witnesses against me, and not give incriminating evidence against myself. I hereby waive these
rights, state that I have not been induced by any threat or promise to enter this plea and do freely and
voluntarily enter my plea of Guilty.

This _____ day of _____ 19___

_____
Accused

I _____ Judge of the Recorder's Court of
Chatham County have advised the above-named accused as indicated above of his rights, the nature of
the charges against him and the possible consequences of the plea as entered. I am  satisfied that there is a
factual basis for the guilty plea which the accused has entered and that it was entered freely and volun-
tarily with understanding of the nature of the charge and the consequences of the plea.

_____ JUDGE

# STATE OF GEORGIA, COUNTY OF CHATHAM

**BILL OF INDICTMENT**

## IN THE SUPERIOR COURT OF SAID COUNTY

**THE GRAND JURORS** selected, chosen and sworn for the County of Chatham, to-wit:

| | | | |
|---|---|---|---|
| 1 | Watson, David Louis | **FOREMAN** | |
| 2 | Arnold, Gwendolyn Eliz | 13 | Lumpkin, Farnese H. |
| 3 | Bowens, Elizabeth L. | 14 | Mattox, Almisha S. |
| 4 | Brannon, C. Swann | 15 | Mobley, Terri |
| 5 | Bright, Noah A., Jr. | 16 | Moore, Dodie G. |
| ~~6~~ | ~~Cooper, Rhonda L.~~ | 17 | Roberts, Carrie |
| 7 | Elkins, Jonathan C. | 18 | Shaw, Joel Patterson |
| 8 | Falconer, Ann Stiles | 19 | Stevens, Mary Lee |
| 9 | Ferrebee, Sarah L. | ~~20~~ | ~~Stewart, Daniel Miller~~ |
| 10 | Harris, Nathaniel M. | 21 | Tenenbaum, Lorlee S. |
| 11 | Hart, Mamie M. | 22 | Weil, Roxanne Adelle |
| ~~12~~ | ~~Levy, Dayle H.~~ | ~~23~~ | ~~Wiggers, David Y.~~ |

in the name and behalf of the citizens of Georgia, charge and accuse

TROY ANTHONY DAVIS

with the offense of:   MURDER

for that said accused, in the County of Chatham and State of Georgia, did, on or about the 19th day of August, 1989, unlawfully and with malice aforethought, cause the death of Mark Allen MacPhail, a human being, by shooting him with a pistol, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

### COUNT 2 OBSTRUCTION OF A LAW ENFORCEMENT OFFICER

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of OBSTRUCTION OF A LAW ENFORCEMENT OFFICER; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 19th day of August, 1989, knowingly and willfully resist, obstruct and oppose Mark Allen MacPhail, a law enforcement officer, in the lawful discharge of his official duties by doing violence to the person of the said officer, by shooting him with a pistol, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

## COUNT 3 AGGRAVATED ASSAULT

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of AGGRAVATED ASSAULT; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 19th day of August, 1989, make an assault upon the person of Larry Douglas Young with an object which when used offensively against another person is likely to or actually does result in serious bodily injury by striking the said Larry Douglas Young in the head with a pistol, causing serious bodily injury to him, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

## COUNT 4 AGGRAVATED ASSAULT

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of AGGRAVATED ASSAULT; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 18th day of August, 1989, make an assault upon the person of Michael Cooper with a deadly weapon, by shooting the said Michael Cooper in the face with a pistol, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

## COUNT 5 POSSESSION OF FIREARM DURING THE COMMISSION OF A FELONY

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of POSSESSION OF FIREARM DURING THE COMMISSION OF A FELONY; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 19th day of August, 1989, have on his person a firearm during the commission of a felony offense involving the person of another, to wit: the murder of Mark Allen MacPhail, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof.

**SPENCER LAWTON, JR.**
**DISTRICT ATTORNEY**
**EASTERN JUDICIAL CIRCUIT**
**OF GEORGIA**

12

We, the Jury, find the defendant

_____

_____ FOREMAN

_____ , 19____

WITNESSES

8/28/91
Jury Verdicts of
GUILTY on all counts

8/30/91
Jury Punishment
Death Penalty

9-3-91 Sentencing
Ct. 1 — Death
Ct. 2 - 5 yrs consecutive
to Ct. 1
Cts - 3&4 — 20 yrs each
consecutive Ct, conc to Ct. 1.
Ct. 5 - 5 yrs consecutive
to Ct. 2

No. ___ 089-2447-H

Superior Court
of Chatham County, Georgia

SEPTEMBER   Term   19__89__

# THE STATE

### VERSUS

TROY ANTHONY DAVIS
BM DOB 10-09-68
SSN 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

OFFENSE: MURDER, OBSTRUCTION OF A LAW
ENFORCEMENT OFFICER, AGGRAVATED
ASSAULT - TWO COUNTS, POSSESSION
OF FIREARM DURING COMMISSION
OF FELONY

TRUE
BILL

Nov 15, 19 89

_____ FOREMAN

SPENCER LAWTON, JR.
DISTRICT ATTORNEY
EASTERN JUDICIAL CIRCUIT
OF GEORGIA

Defendant, on  April 30, 1990
being in open court, pleads

Not Guilty

_____
_____ Attorney for Defendant

Defendant, on _____

waives the right to trial by jury

_____ Defendant

_____ Attorney for Defendant

SPENCER LAWTON, JR.
(Assistant) District Attorney

Filed in office this  15  day of
_____, 19___

_____
(Deputy) Clerk, Superior Court of
Chatham County, Georgia

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA
STATE OF GEORGIA
COUNTY OF CHATHAM

**FILED IN OFFICE**

NOV 1 5 1989

*(signature)*

Dep. Clerk, Superior Court
Chatham County, Ga.

THE STATE OF GEORGIA            )
                                )
                                ) CRIMINAL WARRANT
    VS.                         ) NO. 35451
                                ) INDICTMENT NUMBER
TROY ANTHONY DAVIS,             )

## ORDER APPOINTING ATTORNEY FOR INDIGENT PERSON IN CAPITAL CASE

It being made to appear to the Court that the Defendant in the above stated case is charged with a Capital Felony, and that he is, because of his poverty, indigent and unable to pay an attorney for his defense, it is thereupon considered and Ordered that Robert E. Barker, be, and is, hereby appointed attorney for said Defendant pursuant to the provisions of O.C.G.A. Section 17-12-60.

So Ordered this  /5  day of November, 1989.

*(signature)*

Judge, Superior Court of
Chatham County, Georgia

14

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

FILED IN OFFICE

STATE OF GEORGIA
COUNTY OF CHATHAM

NOV 15 1989

R. J. Jandal

Dep. Clerk, Superior Court
Chatham County, Ga.

THE STATE OF GEORGIA          )
                              )
                              )   CRIMINAL WARRANT
    VS.                       )   NO. 35451
                              )   INDICTMENT NUMBER
TROY ANTHONY DAVIS,           )

## MOTION FOR FUNDS TO HIRE AN INVESTIGATOR

NOW COMES Troy Anthony Davis, the Defendant in the above and foregoing case, moves the Court for an Order requiring the State to provide his counsel with adequate funds to investigate and pay other expenses of his defense. In support of this Motion, the Defendant shows as follows:

1.   The Defendant is presently incarcerated in the Chatham County Jail and is an indigent. A Pauper's Affidavit is attached hereto and made a part hereof.

2.   The Defendant is charged with the offense of murder in warrant number 35451 issued by the Recorder's Court of Chatham County Georgia and, following a preliminary hearing on said warrant, was bound over to the Superior Court which case is presently awaiting presentment to the Grand Jury.

3.   If after presentment of said case to the Grand Jury, a true bill is returned, the Defendant intends to enter a plea of not guilty to said offense.

15

4.    The  Defendant's  counsel  has  been  advised  by  the
State  that  it  intends  to  seek  the  Death  Penalty  in  the  event
of  an  indictment  and  conviction  of  this  Defendant.

5.    The  Defendant  shows  that  it  is  necessary  to
adequately   prepare   a   defense   to   the   charges   presently
pending   against   him,   that   an   investigation   be   conducted   in
order   for   his   attorney   to   adequately   prepare   for   and
represent  the  Defendant  in  the  Trial  of  the  case.

6.    The  Defendant  further  shows  he  is  without  funds
or  means  necessary  to  retain  the  services  of  an  investigator
and   will   hereinafter   move   the   Court   for   an   Order   allowing
his   counsel   to   hire   an   investigator   and   for   the   costs   and
expenses   of   said   investigation   be   paid   for   by   the   State   of
Georgia.

WHEREFORE,   Defendant   prays   that   the   Court   hear   and
consider  this  Motion  and  grant  same.

Respectfully   submitted   this   _11th_   day  of  November,
1989.

FALLIGANT  &  TOPOREK

Robert E. Falligant, Jr.,
Attorney for
Troy Anthony Davis
State Bar No. 254800

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774                    16

FILED IN OFFICE

NOV 1 5 1989.

*R. J. Gandal*

Dep. Clerk, Superior Court
Chatham County, Ga.

STATE OF GEORGIA
COUNTY OF CHATHAM

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

| | | |
|---|---|---|
| THE STATE OF GEORGIA | ) | |
| | ) | |
| | ) | CRIMINAL WARRANT |
| VS. | ) | NO. 35451 |
| | ) | INDICTMENT NUMBER |
| TROY ANTHONY DAVIS, | ) | |

### ORDER

In appearing to the Court that the Defendant in the above and foregoing case, is an indigent within the meaning of O.C.G.A. Sec.17-12-2 (5) and lacks sufficient funds to employ an investigator, and

It further appearing to the Court that the Defendant is charged with a Capital Offense and the State has indicated its intention to seek the Death Penalty in the event of a conviction of the Defendant, and

It further appearing to the Court that pursuant to the authority of O.C.G.A. Sec.17-12-60(a) said expenses of preparation and investigation are authorized,

It is hereby Ordered, Adjudged and Decreed that Defendant's counsel is hereby authorized to engage the services of an investigator for the investigation and preparation of the case and that the cost and expenses of such investigation shall be paid for from the County Treasury which expenses shall not exceed the sum of

$ 3000 *or* ~~xx~~

17

So Ordered this ___15___ day of November, 1989.

Judge, Superior Court of
Chatham County, Georgia

18

STATE OF GEORGIA

COUNTY OF CHATHAM

**FILED IN OFFICE**

NOV 15 1989

Dep. Clerk, Superior Court
Chatham County, Ga.

PAUPER'S AFFIDAVIT

Before the undersigned attesting officer, personally came Troy Anthony Davis who being duly sworn says as follows:

1. That I am Troy Anthony Davis and am presently incarcerated in the Chatham County Jail charged with the offense of murder.

2. That I am unemployed, own no real or personal property and do not have any funds available for the employment of legal counsel to represent me for the charge presently pending against me.

This affidavit is made in support of my request for the appointment of legal counsel and authorization for counsel to engage the services of an investigator and for said expenses to be paid for by State or County Funds.

This _15th_ day of November, 1989.

Troy Anthony Davis

Sworn to and subscribed before me this _15th_ day of November, 1989.

19

Notary Public, Chatham County, Georgia

## CERTIFICATE OF SERVICE

This is to certify that I have personally served a true and correct copy of the within and foregoing documents for delivery by hand to the following:

> Spencer Lawton
> District Attorney
> E.J.C. of Georgia
> Chatham County Courthouse
> Savannah, GA

This _14th_ day of November, 1989.

FALLIGANT & TOPOREK

ROBERT E. FALLIGANT, JR.
State Bar Number 254800

P. O. Box 9236
Savannah, GA  31412
(912) 236-2774

20

*Filed in Open Court*
*January 16, 1990*
*D.R. Schreck*
*Dep. Clerk, S.C.C.C. Ga.*

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| V. | ) | INDICTMENT NO. 089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | MURDER; OBSTRUCTION OF A LAW |
| | ) | ENFORCEMENT OFFICER; AGGRAVATED |
| | ) | ASSAULT (2 COUNTS); POSSESSION |
| | ) | OF FIREARM DURING THE COMMISSION |
| | ) | OF A FELONY |
| | ) | |

### SERVICE OF INDICTMENT AND NOTICE OF INTENTION

### TO SEEK DEATH PENALTY

The State of Georgia hereby serves the Defendant with a copy of the indictment (attached) in the above styled case.

The State hereby notifies the Defendant, Troy Anthony Davis, of the State's intention to seek the death penalty on the charge of murder.

The State will introduce evidence in the trial and/or sentencing hearing in support of the following statutory aggravating circumstances set forth in O.C.G.A. Section 17-10-30(b):

(1) The offense of murder was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim;

21

(2) The offense of murder was committed against a peace officer while engaged in the performance of his official duties;

(3) The murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest of himself.

This __16__ day of January, 1990.

_____
SPENCER LAWTON, JR.
District Attorney
Eastern Judicial Circuit of Georgia

_____
DAVID T. LOCK
Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon Robert Falligant, Attorney for Defendant, by handing him a copy of same.

This __16__ day of January, 1990.

_____
Spencer Lawton, Jr.

P.O. Box 2309
Savannah, GA  31402
(912) 944-4873

22

# STATE OF GEORGIA, COUNTY OF CHATHAM

**BILL OF INDICTMENT**

## IN THE SUPERIOR COURT OF SAID COUNTY

**THE GRAND JURORS** selected, chosen and sworn for the County of Chatham, to-wit:

| | | | |
|---|---|---|---|
| 1 | Watson, David Louis | | FOREMAN |
| 2 | Arnold, Gwendolyn Eliz | 13 | Lumpkin, Farnese H. |
| 3 | Bowens, Elizabeth L. | 14 | Mattox, Almisha S. |
| 4 | Brannon, C. Swann | 15 | Mobley, Terri |
| 5 | Bright, Noah A., Jr. | 16 | Moore, Dodie G. |
| 6 | Cooper, Rhonda L. | 17 | Roberts, Carrie |
| 7 | Elkins, Jonathan C. | 18 | Shaw, Joel Patterson |
| 8 | Falconer, Ann Stiles | 19 | Stevens, Mary Lee |
| 9 | Ferrebee, Sarah L. | 20 | Stewart, Daniel Miller |
| 10 | Harris, Nathaniel M. | 21 | Tenenbaum, Lorlee S. |
| 11 | Hart, Mamie M. | 22 | Weil, Roxanne Adelle |
| 12 | Levy, Dayle H. | 23 | Wiggers, David Y. |

the name and behalf of the citizens of Georgia, charge and accuse

TROY ANTHONY DAVIS

with the offense of:   MURDER
for that said accused, in the County of Chatham and State of Georgia, did,     on     or
about the 19th day of August, 1989, unlawfully and with malice aforethought,
cause the death of Mark Allen MacPhail, a human being, by shooting him
with a pistol, contrary to the laws of the State of Georgia, the good
order, peace and dignity thereof;

## COUNT 2 OBSTRUCTION OF A LAW ENFORCEMENT OFFICER

And the jurors aforesaid, in the name and behalf of the citizens of Georgia,
further charge and accuse TROY ANTHONY DAVIS with having committed the
offense of OBSTRUCTION OF A LAW ENFORCEMENT OFFICER; for that the said
TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about
the 19th day of August, 1989, knowingly and willfully resist, obstruct
and oppose Mark Allen MacPhail, a law enforcement officer, in the lawful
discharge of his official duties by doing violence to the person of the
said officer, by shooting him with a pistol, contrary to the laws of the
State of Georgia, the good order, peace and dignity thereof;

23

## COUNT 3 AGGRAVATED ASSAULT

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of AGGRAVATED ASSAULT; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 19th day of August, 1989, make an assault upon the person of Larry Douglas Young with an object which when used offensively against another person is likely to or actually does result in serious bodily injury by striking the said Larry Douglas Young in the head with a pistol, causing serious bodily injury to him, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

## COUNT 4 AGGRAVATED ASSAULT

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of AGGRAVATED ASSAULT; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 18th day of August, 1989, make an assault upon the person of Michael Cooper with a deadly weapon, by shooting the said Michael Cooper in the face with a pistol, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof;

## COUNT 5 POSSESSION OF FIREARM DURING THE COMMISSION OF A FELONY

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse TROY ANTHONY DAVIS with having committed the offense of POSSESSION OF FIREARM DURING THE COMMISSION OF A FELONY; for that the said TROY ANTHONY DAVIS, in the County and State aforesaid, did, on or about the 19th day of August, 1989, have on his person a firearm during the commission of a felony offense involving the person of another, to wit: the murder of Mark Allen MacPhail, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof.

*Spencer Lawton, Jr.*

**SPENCER LAWTON, JR.**
**DISTRICT ATTORNEY**
**EASTERN JUDICIAL CIRCUIT**
**OF GEORGIA**

24

We, the Jury, find the defendant _____

_____

_____

_____ FOREMAN

_____ , 19____

WITNESSES

No. _CR9-2967-H_

Superior Court

of Chatham County, Georgia

SEPTEMBER ___ Term ___ 19__ 89

# THE STATE

### VERSUS

TROY ANTHONY DAVIS
BM DOB 10-09-68
SSN 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

OFFENSE: MURDER, OBSTRUCTION OF A LAW
ENFORCEMENT OFFICER, AGGRAVATED
ASSAULT - TWO COUNTS, POSSESSION
OF FIREARM DURING COMMISSION
OF FELONY

*True*

BILL

Nov 15, 19 89

David L. Roberts

FOREMAN

## SPENCER LAWTON, JR.
DISTRICT ATTORNEY
EASTERN JUDICIAL CIRCUIT
OF GEORGIA

Defendant, on _____

being in open court, pleads

_____

Defendant

_____

Attorney for Defendant

Defendant, on _____

waives the right to trial by jury

_____

Defendant

25

_____

Attorney for Defendant

SPENCER LAWTON, JR.
(Assistant) District Attorney

Filed in office this _15_ day of

_November_ 19_89_

_____

(Deputy) Clerk, Superior Court of
Chatham County, Georgia

# UNIFIED APPEAL



## OUTLINE OF PROCEEDINGS

### Table of Contents

|  |  | Page |
|---|---|---|
| I. | STATEMENT OF PURPOSES | 9-3 |
| | A. Purposes of the Outline of Proceedings | 9-3 |
| | B. Purposes of the Checklist | 9-3 |
| II. | PRE-TRIAL PROCEEDINGS | 9-3 |
| | A. First Proceeding | 9-3 |
| | B. Motion Hearing | 9-5 |
| | C. Forms for Required Jury Certificates | 9-5 |
| | D. Pre-trial Review Hearing | 9-8 |
| | E. Forms for Pre-trial Reports | 9-9 |
| | F. Pre-trial Review in the Supreme Court | 9-9 |
| III. | TRIAL PROCEEDINGS | 9-10 |
| | A. Guilt-Innocence Phase | 9-10 |
| | 1. Before Commencement of trial | 9-10 |
| | 2. After close of the evidence | 9-10 |
| | 3. After charge of the court | 9-11 |
| | B. Sentencing Phase | 9-11 |
| | 1. Before commencement of sentencing phase | 9-11 |
| | 2. After close of the evidence | 9-11 |
| | 3. After charge of the court | 9-12 |
| IV. | REVIEW PROCEEDINGS | 9-13 |
| | A. In the Superior Court | 9-13 |
| | B. In the Supreme Court | 9-15 |

NOTE: *All* proceedings in the Superior Court shall be recorded and transcribed. The defendant shall be present during *all* proceedings in the Superior Court.

Effective Date: September 1, 1989

## UNIFIED APPEAL

## OUTLINE OF PROCEEDINGS

The proceedings outlined here shall be applicable only in cases in which the death penalty is sought.

### I. Statement of Purposes

#### A. *Purposes of the Outline of Proceedings:*

The Outline of Proceedings is a procedure to be followed before, during and after trial, having as its purposes:

1. Insuring that all legal issues which ought to be raised on behalf of the defendant have been considered by the defendant and his attorney and asserted in a timely and correct manner.

2. Minimizing the occurrence of error and correcting as promptly as possible any error that nonetheless may occur.

3. Making certain that the record and transcripts of the proceedings are complete for unified review by the sentencing court and by the Supreme Court.

### B. *Purposes of the Checklist*

1. Appended to the Outline of Proceedings is a *Checklist* of legal issues which may arise in a death-penalty case. Its purpose is to remind the court, defense counsel and the prosecuting attorney of these issues and to provide a quick reference to case authority on these issues. The parties may raise any issue, whether or not it is listed on the checklist. The checklist shall be revised and updated periodically.

2. Proper use of the *Checklist* as a means of avoiding or promptly correcting error will require the court to schedule conferences (see Sections II and III) during which defense counsel and the prosecuting attorney will be given an opportunity to present, or to schedule for presentation, issues which would be waived if not asserted in the proper and timely fashion. These conferences shall be transcribed by the official court reporter.

### II. Pre-Trial Proceedings

#### A. *First Proceeding*

At the earliest possible opportunity after indictment and before arraignment, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

9-3

The following matters shall be concluded during the first proceeding:

1. The prosecuting attorney shall state whether or not he intends to seek the death penalty. (If the prosecuting attorney does not seek the death penalty, these procedures and the checklist are not applicable. If the prosecuting attorney later abandons seeking the death penalty or the sentencing jury returns a verdict of life imprisonment these procedures and the checklist are not applicable.)

2. Defense counsel shall be identified and it shall be made a matter of record whether he is retained or appointed.

3. The Unified Appeal Procedure, as amended, shall be published in The Georgia Court and Bar Rules. Copies of this procedure shall be given to the defendant, defense counsel, and the prosecuting attorney, all of whom shall be instructed to read and adhere to these provisions. A copy also shall be given to the reporter for inclusion in the record. The reporter shall be reminded that the trial shall be completely transcribed as set forth in Rule IV (A). Counsel for the defense shall be instructed that the outline and checklist are intended to assist him or her in protecting the defendant's rights, but it remains the responsibility of defense counsel to protect those rights; the outline and checklist do not take the place of diligent counsel actively representing the defendant.

4. Defense counsel shall be reminded of defendant's right under OCGA § 17-7-110 to demand prior to arraignment a copy of the indictment and a list of the state's witnesses. The prosecuting attorney shall be reminded that the list of witnesses, if demanded, shall be accurate and complete.

5. The court shall determine whether or not the defendant intends to challenge the arrays of the grand or traverse juries. Challenges to the composition of the boxes from which the grand or traverse jury was drawn, and challenges to the manner in which the grand or traverse jury was drawn, shall be presented and heard at the earliest possible time consistent with the court's calendar and with the right of the defendant to seek a continuance. If a challenge is presented, the court shall hear the asserted factual and legal basis of challenge although under law the right to challenge may have been waived.

6. Whether or not a challenge is presented, the court shall nonetheless review the grand and traverse jury lists to determine whether whites, blacks, men and women over the age of eighteen (18) years are fairly represented on these lists. The court shall compare the percentages of whites, blacks, men and women over the age of eighteen (18) years in the county, according to the most recent official decennial census figures, with the percentages of whites, blacks, men and women over the age of eighteen (18) years on the grand jury list and on the traverse jury list. Significant underrepresentation of whites, blacks, men or women over the age of eighteen (18) years on either jury list shall be corrected prior to trial. Imbalances greater than five percent (5%) shall be considered significant. This rule shall not be construed to deprive the defendant of any rights that he may have under the constitutions of the United States and the State of Georgia or under OCGA § 15-12-40.

The court's findings shall be included in the trial judge's report, in the form specified by Rule II (C).

28

**UNIFIED APPEAL**

7. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

8. The court shall review Section I of the checklist with defense counsel and the prosecuting attorney to determine which pre-trial issues the defendant intends to raise. Hearings shall be scheduled for any issues the defense wishes to present. The defendant shall be reminded that issues not raised may be waived if not timely presented.

9. The court shall instruct defense counsel to locate and interview all persons whose testimony might be helpful in discovering or supporting available theories (1) of defense or (2) in mitigation of punishment.

10. The court shall schedule for an appropriate time an arraignment and plea on the merits of the indictment.

### B. *Motion Hearing*

At an appropriate time consistent with the court's calendar and with the right of the defendant to seek a continuance, the court shall conduct a motion hearing. The defendant shall be present, accompanied by his attorney. The hearing shall be recorded and transcribed. The hearing shall precede trial of the case.

The following matters shall be concluded during the motion hearing:

1. All motions previously filed shall be heard.

2. The court shall review Section I of the checklist with defense counsel and the prosecuting attorney to determine if there are possible pre-trial issues that have not been raised. The court shall determine during this conference whether defense counsel intends to allow the deadline for raising of any such issue to pass without presenting the issue for decision. If so, the court shall question defense counsel in the presence of the defendant to determine whether or not defense counsel has explained to the defendant his rights regarding that issue and whether defense counsel and the defendant have agreed not to assert the issue.

3. The court shall remind defense counsel to be prepared to present evidence during the sentencing phase as well as the guilt-innocence phase of the trial.

4. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

5. The court reporter shall be advised that all pre-trial proceedings and hearings should be transcribed prior to trial.

### C. *Forms For Required Jury Certificates*

The grand and traverse jury certificates required by Rule II (A) (6) shall comply with the following forms, and shall be included in the trial judge's report specified by OCGA § 17-10-35 (a). (Note: To convert a decimal number to percentage notation, move the decimal point two places to the right. Example: .055 = 5.5%)

GEORGIA COURT & BAR RULES                    9-6

### Grand Jury Certificate

This court has reviewed the Grand Jury List for _____ County from which the grand jury was selected that rendered the indictment in this case. This Grand Jury List was last revised in 19___. The percentages of whites, blacks, men and women on this list have been compared by this court with the percentages of whites, blacks, men and women in the total population of the county aged eighteen (18) and over, according to the 19___ United States Official Decennial Census. This court certifies that the following information is correct:

(1) Total county population is ....................................................(1) _____

(2) Total county population aged 18 and over is .......................(2) _____

(3) Total number of males in county, aged 18 and over is .......(3) _____

(4) Total number of females in county, aged 18 and over is ....(4) _____

(5) Total number of blacks in county, aged 18 and over is.......(5) _____

(6) Total number of whites in county, aged 18 and over is ......(6) _____

(7) Number of persons on grand jury list is .............................(7) _____

(8) Number of males on grand jury list is .................................(8) _____

(9) Number of females on grand jury list is ..............................(9) _____

(10) Number of blacks on grand jury list is...............................(10) _____

(11) Number of whites on grand jury list is ...............................(11) _____

(12) Male percentage of 18 and over population of
county (divide answer 3 by answer 2) is...................................(12) _____%

(13) Female percentage of 18 and over population of
county (divide answer 4 by answer 2) is...................................(13) _____%

(14) Black percentage of 18 and over population of
county (divide answer 5 by answer 2) is...................................(14) _____%

(15) White percentage of 18 and over population of
county (divide answer 6 by answer 2) is...................................(15) _____%

(16) Male percentage of grand jury list (divide
answer 8 by answer 7) is ...........................................................(16) _____%

(17) Female percentage of grand jury list (divide
answer 9 by answer 7) is ...........................................................(17) _____%

(18) Black percentage of grand jury list (divide
answer 10 by answer 7) is .........................................................(18) _____%

(19) White percentage of grand jury list (divide
answer 11 by answer 7) is .........................................................(19) _____%

(20) Grand jury list disparity regarding males
(compare answers 16 and 12; subtract smaller
from larger) is ...........................................................................(20) _____%

(21) Grand jury list disparity regarding females
(compare answers 17 and 13; subtract smaller

9-7                                UNIFIED APPEAL

from larger) is ........................................................ (21) _____%

(22) Grand jury list disparity regarding blacks
(compare answers 18 and 14; subtract smaller
from larger) is ........................................................ (22) _____%

(23) Grand jury list disparity regarding whites
(compare answers 19 and 15; subtract smaller
from larger) is ........................................................ (23) _____%

This court certifies that answers (20) through (23), inclusive, are each less
than 5%.

### Traverse Jury Certificate

This court has reviewed the Traverse Jury List for _____ County
from which the defendant's traverse jury panel will be selected. This Traverse
Jury List was last revised in 19___. The percentages of whites, blacks, men and
women on this list have been compared by this court with the percentages of
whites, blacks, men and women in the total population of the county aged 18 and
over, according to the 19___ United States Official Decennial Census. This court
certifies that the following information is correct:

(1) Total county population is ................................... (1) _____

(2) Total county population aged 18 and over is ..................... (2) _____

(3) Total number of males in county, aged 18 and over is ....... (3) _____

(4) Total number of females in county, aged 18 and over is .... (4) _____

(5) Total number of blacks in county, aged 18 and over is ....... (5) _____

(6) Total number of whites in county, aged 18 and over is ...... (6) _____

(7) Number of persons on traverse jury list is .......................... (7) _____

(8) Number of males on traverse jury list is ........................... (8) _____

(9) Number of females on traverse jury list is ......................... (9) _____

(10) Number of blacks on traverse jury list is......................... (10) _____

(11) Number of whites on traverse jury list is ........................ (11) _____

(12) Male percentage of 18 and over population
of county (divide answer 3 by answer 2) is ........................... (12) _____%

(13) Female percentage of 18 and over population
of county (divide answer 4 by answer 2) is ........................... (13) _____%

(14) Black percentage of 18 and over population
of county (divide answer 5 by answer 2) is ........................... (14) _____%

(15) White percentage of 18 and over population
of county (divide answer 6 by answer 2) is ........................... (15) _____%

(16) Male percentage of traverse jury list (divide
answer 8 by answer 7) is ........................................... (16) _____%

31

(17) Female percentage of traverse jury list (divide
answer 9 by answer 7) is .......................................................(17) _____%
(18) Black percentage of traverse jury list (divide
answer 10 by answer 7) is .....................................................(18) _____%
(19) White percentage of traverse jury list (divide
answer 11 by answer 7) is .....................................................(19) _____%
(20) Traverse jury list disparity regarding males
(compare answers 16 and 12; subtract smaller
from larger) is ......................................................................(20) _____%
(21) Traverse jury list disparity concerning
females (compare answers 17 and 13; subtract
smaller from larger) is...........................................................(21) _____%
(22) Traverse jury list disparity regarding blacks
(compare answers 18 and 14; subtract smaller
from larger) is ......................................................................(22) _____%
(23) Traverse jury list disparity regarding whites
(compare answers 19 and 15; subtract smaller
from larger) is ......................................................................(23) _____%

This court certifies that answers (20) through (23), inclusive, are each less
than 5%.

### D. Pre-trial Review Hearing

1. After the completion of all pre-trial proceedings, the court shall conduct a
hearing to determine if an interim appellate review of pre-trial rulings is
appropriate. The court shall hear from the state and the defense as to whether
the delay to be caused by interim appellate review outweighs the need for such
review. The court shall order such review and initiate the procedure contained
in OCGA § 17-10-35.1, as set forth below, unless the court concludes and enters
an order to the effect that interim appellate review would not serve the ends of
justice in the case. An order obviating interim appellate review shall not be
appealable.

2. If the court concludes that interim appellate review of the pre-trial
proceedings is appropriate, the court shall file in the office of the clerk of superior
court and deliver to the parties a report certifying that all pre-trial proceedings
in the case have been completed and that the case stands ready for trial. Within
ten days after the filing of the report or the receipt of transcripts of the pre-trial
proceedings, whichever is later, the prosecutor and the defendant may each file
with the clerk of superior court and serve upon the opposing party a report
identifying all areas of the pre-trial proceedings with respect to which reversible
error arguably may have occurred. Either party may consolidate with such

9-9                          UNIFIED APPEAL

report an application for appeal with respect to any order, decision, or judgment entered in the case. Any such application for appeal shall be in the form otherwise appropriate under OCGA § 5-6-34 (b), except that it shall be filed with the clerk of superior court rather than the clerk of the Supreme Court. The opposing party shall not be required or permitted to respond to such application for appeal, and no certificate of immediate review need accompany such application for appeal.

3. The reports of the trial judge and the parties shall be in the form specified below. Upon the filing of the reports of the parties, the clerk of superior court shall transmit to the Supreme Court the report of the trial judge, the transcripts of the proceedings, and the reports of the parties together with any application for appeal consolidated therewith. The clerk shall furnish a copy of the foregoing to the Attorney General.

E. *Forms for Pre-trial Reports*

Report of the _____

(Judge, District Attorney, or

Defense Attorney)

Is there arguably reversible error with respect to any of the following matters? If so, describe the pertinent factual and legal issues:

(1) Any proceedings with respect to change of venue:

(2) Any proceedings with respect to recusal of the trial judge:

(3) Any challenge to the jury array:

(4) Any motion to suppress evidence:

(5) Any motion to exclude statements by the defendant:

(6) Any motion for psychiatric or other mental or physical evaluation:

(7) Any motion for additional legal, investigative, or expert assistance:

(8) Any other pretrial matter which may arguably result in reversible error:

F. *Pre-trial Review in the Supreme Court*

1. The Supreme Court shall issue an order granting review of the pre-trial proceedings, or portions thereof, or denying review within 20 days of the date on which the case is received. The order of the Supreme Court shall identify the matters which shall be subject to review, and such matters may include, but need not be limited to, any matters called to the court's attention in any of the reports or in any application for appeal. If such review is granted, no notice of appeal need be filed. The order granting review shall specify the period of time within which each party shall file briefs and reply briefs as to matters identified in the order granting review. Oral argument shall be discretionary with the court.

2. If requested by the district attorney, the Attorney General shall assist in the review and appeal.

3. Pre-trial review of any matter as provided for herein shall, as to any question passed on in such review, be res judicata as to such question and shall be deemed to be the law of the case.

4. This pre-trial review procedure shall not apply to any ruling or order made, invoked, or sought subsequent to the filing of the report of the trial judge.

5. The failure of either party to assert their rights under this pre-trial review procedure, or the failure of the Supreme Court to grant review, shall not waive the right to post-trial review of any question which could be raised under this procedure, and shall not constitute an adjudication as to such question.

## III. Trial Proceedings

### A. *Guilt-Innocence Phase*

#### 1. *Before commencement of trial*

Immediately before trial, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be concluded during the conference:

a. All pending motions shall be heard.

b. The court shall determine whether there are any last-minute motions the defense wishes to present and give the prosecuting attorney and defense counsel an opportunity to present any stipulations to which they have agreed.

c. The court shall ascertain whether counsel for both sides have reviewed Part II (A) through (H) of the checklist and are prepared to raise any possible trial issues in a timely manner.

d. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

#### 2. *After close of the evidence*

After close of the evidence, but before closing arguments, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be concluded during the conference after close of the evidence:

a. Written requests to charge shall be presented to the court for rulings.

b. The court shall make a final ruling on any issues as to which a tentative ruling or no ruling was made during presentation of the evidence.

c. The court shall hear any timely and otherwise proper motions or objections the defense wishes to present. Defense counsel shall be given an opportunity to perfect the record by making a tender of proof as to any evidence that was excluded by the court.

d. The court shall ascertain whether the parties have reviewed Part II (I) through (Q) of the checklist and are prepared to raise these issues in a timely

UNIFIED APPEAL

manner. Defense counsel shall be advised that objections to the state's closing argument will be waived if not raised as soon as grounds for such objection arise, unless explicit permission is granted to reserve objection until the conclusion of argument.

e. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

### 3. *After charge of the court*

After charge of the court, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be concluded during the conference after charge of the court:

a. Any issue as to arguments of counsel or as to the charge of the court shall be presented and decided.

b. The court shall hear any timely and otherwise proper motions or objections the defense wishes to present.

c. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

### B. *Sentencing Phase*

#### 1. *Before commencement of sentencing phase*

Immediately before the commencement of the sentencing phase of the trial, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be taken up during the conference:

a. All pending motions shall be heard.

b. The court shall review Part III of the checklist with defense counsel and the prosecuting attorney. Defense counsel shall be given the opportunity to raise in limine any objections to the state's anticipated evidence in aggravation. However, failure to object in limine shall not amount to a waiver of otherwise timely objections to the introduction of evidence. The court shall give the prosecuting attorney and defense counsel an opportunity to present any stipulations to which they have agreed.

c. In the event of a retrial as to sentence, the court shall also review Part VI of the checklist with defense counsel and the prosecuting attorney.

#### 2. *After close of the evidence*

After the close of the evidence, but before closing arguments, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be concluded during the conference:

a. Written requests to charge shall be presented to the court for rulings.

b. The court shall make a final ruling on any issues raised during the sentencing phase of the trial as to which a tentative ruling or no ruling was made during the presentation of the evidence.

c. The court shall again review Part III of the checklist with defense counsel and the prosecuting attorney and shall hear any timely and otherwise proper motions or objections the defense wishes to present. Defense counsel shall be given an opportunity to perfect the record by making a tender of proof as to any evidence that was excluded by the court. If the court determines that a mistake was made in the exclusion of potentially mitigating evidence, the court shall re-open the evidence and allow its presentation to the jury.

d. Defense counsel shall be advised that objections to the state's sentencing-phase closing argument will be waived if not raised as soon as grounds for such objection arise, unless explicit permission is granted to reserve objection until the conclusion of argument.

e. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

3. *After charge of the court*

After charge of the court at the sentencing phase of the trial, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

The following matters shall be concluded during the conference after the charge of the court:

a. The court shall review Part III (C) and (D) with the prosecuting attorney and defense counsel. Any issue as to arguments of counsel or as to the charge of the court shall be presented and decided. Defense counsel shall be advised that any such issue not timely raised shall be waived. Reservations of objection to the sentencing-phase charge will not be permitted.

b. The court shall also review Part III (E) of the checklist with the prosecuting attorney and defense counsel. Defense counsel shall be advised that objections to the form of the verdict must be raised when the verdict is returned. The court shall note that a poll of the jurors is required.

c. The court shall give the defendant an opportunity to state any objections he may have to defense counsel or to the manner in which defense counsel has conducted or is conducting the defense.

UNIFIED APPEAL

## IV. Review Proceedings

### A. *In the Superior Court*

Review proceedings in the Superior Court shall be conducted in accordance with the following rules:

### 1.

a. The filing of a motion for new trial is not a procedural prerequisite for review by the Superior Court and Supreme Court. A defendant may but is not required to file a motion for new trial. A defendant may elect to proceed either by motion for new trial, or direct appeal, or may allow the case to be presented directly to the Supreme Court for review. The case nevertheless shall be considered by the Supreme Court.

b. The sole function of a motion for new trial shall be to bring to the attention of the Superior Court after imposition of sentence such grounds as defense counsel may wish the trial court to decide.

c. It shall be the duty of the Superior Court to transmit the entire record of the case to the Supreme Court for review regardless of whether or not a motion for new trial or direct appeal has been filed unless the Superior Court sets aside the conviction or sentence. The Superior Court shall transmit the case to the Supreme Court for review within ten (10) days of the filing by the official reporter of the transcript of trial if no review proceedings have been commenced in the Superior Court in accordance with these rules.

### 2.

a. These rules shall not be construed so as to limit or restrict the grounds of review available through motion for new trial, motion to withdraw a guilty plea, direct appeal, writ of habeas corpus, or any other writ, motion or proceeding cognizable in the courts of this state. It is, however, the purpose of these rules to insure that as many issues as possible which heretofore could be raised by writ of habeas corpus or other post-trial procedure were timely raised before or during trial.

b. The procedures governing the writ of habeas corpus may be employed by any defendant to assert his rights and seek remedies if the procedures established by these rules are inadequate or ineffective in any constitutional sense.

### 3.

It is not the intention of these rules to permit any issues to be raised or presented in the Superior Court or the Supreme Court that previously have been waived, procedurally defaulted, or abandoned pursuant to the laws of this state or of the United States.

4.

Within forty-five (45) days from the jury's verdict in the sentencing phase of the proceedings, the court reporter shall file with the Superior Court a complete transcript of all phases of the case unless the reporter has obtained an extension of time in writing from the judge who imposed the death sentence. No extension of time for filing the transcript shall exceed fifteen (15) days. When the court reporter files the complete transcript, he or she shall notify the trial judge and defense counsel. For purposes of this rule, the term "complete transcript" shall include a complete transcription of: all pre-trial hearings; the selection of the jurors, including challenges for cause; the voir dire examination and the striking; the opening statements and closing arguments of counsel; the examination of the witnesses; all documentary evidence, including photographs; all oral motions (whether pre-trial, during trial or after trial) and all hearings on oral and written motions; all oral objections and all hearings on oral and written objections; all conferences and hearings of every description and for every purpose conducted between court and counsel, including all bench and chamber conferences; all oral stipulations of counsel; the charges of the court to the jury during the guilt-innocence and sentencing phases of the proceedings; the publication of the verdict and the polling of the jury; the pronouncement of sentence; and all oral comments, instructions, directions, admonitions, rulings and orders of the court in the case from the first proceeding through conclusion of the trial.

5.

a. The hearing on the motion for new trial shall be taken down and transcribed by the reporter. Within twenty (20) days of the hearing by the trial court on the motion for new trial, the court reporter shall file with the trial court a complete transcript of the proceedings on motion for new trial unless the reporter has obtained an extension of time in writing from the Chief Justice of the Supreme Court. No extension of time for filing the transcript shall exceed fifteen (15) days.

b. Additional evidence may be heard under the rules applicable to extraordinary motions for new trial or otherwise as necessary to perfect the record and to rule upon the motion for new trial.

c. The defendant shall be present during the entire hearing on the motion for new trial unless he knowingly, voluntarily, and intelligently has waived this right in writing made a part of the record or upon the transcript of proceedings.

6.

The hearing on the motion for new trial shall not be limited to the grounds of motion asserted by the defendant.

7.

Every defendant shall have the right to be represented by appointed or retained counsel in all matters and at all times during the pendency of a motion for new trial.

9-15                          UNIFIED APPEAL

8.

Within thirty (30) days from entry of an order denying a motion for new trial, the Superior Court shall transmit to the Supreme Court the entire record, the trial judge's report required by OCGA § 17-10-35 (a), and the entire transcript of proceedings of the guilt-innocence, sentencing and motion for new trial phases of the case, and all proceedings conducted under these rules as well as any hearings conducted pursuant to law. The defendant may, if he wishes, file a notice of appeal but the case shall be transmitted to the Supreme Court by the Superior Court whether or not a notice of appeal shall have been filed. Except as provided in these rules, the appeal shall be presented, heard and determined in accordance with the rules of the Supreme Court and the Appellate Practice Act.

## B. *In the Supreme Court*

Review proceedings in the Supreme Court shall be conducted in accordance with the following rules:

1.

At any time after the case is docketed in the Supreme Court, the Superior Court may be directed by the Supreme Court to conduct further hearings, or to hold additional conferences for specified purposes, or to make additional findings of facts or conclusions of law in respect to issues raised by the parties on appeal or perceived by the Supreme Court although not asserted by the defendant or the state. Any such matter may be referred to the Superior Court for disposition according to a timetable established by the order of the Supreme Court. The Supreme Court shall retain jurisdiction of the entire appeal, unless otherwise specified by order, notwithstanding any matter being referred to the Superior Court, and may take such actions in respect thereto as are necessary or proper pending a decision by the Superior Court on the matter or matters referred to the Superior Court.

2.

In all cases the Supreme Court shall determine whether the verdicts are supported by the evidence according to law. The Supreme Court shall review each of the assertions of error timely raised by the defendant during the proceedings in the trial court regardless of whether or not an assertion of error was presented to the trial court by motion for new trial, and regardless of whether error is enumerated in the Supreme Court. However, except in cases of plain error, assertions of error not raised on appeal shall be waived. The Supreme Court may direct defense counsel and the state to brief and argue any or all additional grounds.

Case 4:09-cv-00130-WTM Document 13-1 Filed 10/27/09 Page 53 of 177

IN THE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FILED IN OFFICE

1990 JAN 17 PM 1:03

_R. Schrech_
DEP. CLK SUPERIOR CT.
CHATHAM COUNTY, GA

JUDGE: JAMES HEAD
HEARING: TROY ANTHONY DAVIS

CASE NO: 089-2467
CHARGE: MURDER

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHIC EQUIPMENT PERSUANT TO RULES AND GUIDELINES FOR ELECTRONIC AND PHOTOGRAPHIC NEWS COVERAGE OF JUDICIAL PROCEEDINGS.

PURSUANT TO RULE 22 OF THE ELECTRONIC AND PHOTOGRAPHIC NEWS COVERAGE OF JUDICIAL PROCEEDINGS IN THE UNIFORM SUPERIOR COURT RULES, THE UNDERSIGNED HEREBY REQUESTS PERMISSION TO INSTALL EQUIPMENT TO RECORD, PHOTOGRAPH OR TELEVISE ALL OR PORTIONS OF THE PROCEEDINGS IN THE ABOVE CAPTIONED CASE.

CONSISTENT WITH THE PROVISIONS OF THE RULES AND GUIDELINES, THE UNDERSIGNED DESIRES TO INSTALL THE FOLLOWING DESCRIBED EQUIPMENT: TV CAMERA AND RECORDER; IN THE FOLLOWING LOCATION: CHATHAM COUNTY COURTHOUSE.

PROCEEDINGS THAT THE UNDERSIGNED DESIRES TO RECORD, PHOTOGRAPH, OR TELEVISE COMMENCE ON JANUARY 16, 1990. SUBJECT TO DIRECTION FROM THE COURT REGARDING POSSIBLE POOLED COVERAGE, THE UNDERSIGNED WISHES TO INSTALL THIS EQUIPMENT IN THE COURTROOM ON JANUARY 16, 1990. THE PERSONNEL FOR THE INSTALLATION AND OPERATION OF THIS EQUIPMENT DURING ITS USE WILL BE: WTOC-TV REPORTER JIM CARSWELL.

THE UNDERSIGNED HEREBY CERTIFIES THAT THE EQUIPMENT TO BE INSTALLED AND THE LOCATIONS AND OPERATION OF SUCH EQUIPMENT WILL BE IN CONFORMITY WITH THE RULES AND GUIDELINES ISSUED BY THE COURT.

THIS 16TH DAY OF JANUARY, 1990

_Larry Lyle_
LARRY LYLE, NEWS DIRECTOR WTOC-TV

ENTERED □ FEB 03 1990

66

# Savannah Morning News
## SAVANNAH EVENING PRESS

111 WEST BAY STREET, P.O. BOX 1088
SAVANNAH, GEORGIA 31402-1088
(912) 236-9511

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

STATE VS Troy Anthony Davis, Murder          CASE NO 0892467

REQUEST TO INSTALL RECORDING AND/OR PHOTOGRAPHING EQUIPMENT PURSUANT
TO RULES AND GUIDELINES FOR ELECTRONIC AND PHOTOGRAPHIC NEWS
COVERAGE OF JUDICIAL PROCEEDINGS.

        Pursuant to Rule 22 of the Electronic and Photographic News
Coverage of Judicial Proceedings in the Uniform Superior Court
Rules, the undersigned hereby requests permission to install equip-
ment in Courtroom D in order to photograph all or portions of
the proceedings in the above captioned case.
        Consistent with the provisions of the rules and guidelines,
the undersigned desires to place a camera and photographer in
the media room at the rear of Courtroom D.  The proceedings that
the undersigned desires to photograph commence on Jan. 16, 1990.
The personnel who will be responsible for the installation and
operations of this equipment during its use are Steve Bisson,
chief photographer, or a staff photographer he designates.
        The undersigned hereby certifies that the equipment to be
installed and the locations and operation of such equipment will
be in conformity with the rules and guidelines issued by this
court.
        This Jan. 16, 1990.

Wallace M. Davis, Jr.
Executive Editor
Savannah Morning News-Evening Press
P.O. Box 1088, Savannah, GA
236-9511

APPROVED:


Judge, Superior Court
Eastern Judicial Circuit

#3

FILED IN OFFICE

1990 APR 30  PM 12: 52

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA        )
                        )
   -v-                  )    INDICTMENT NUMBER:  089-2467-H
                        )
TROY ANTHONY DAVIS      )
_ _ _ _ _ _ _ _ _ _ _ _ )

MOTION TO REQUIRE THE STATE TO ANSWER
ALL PRETRIAL MOTIONS IN WRITING

Comes now TROY ANTHONY DAVIS, Defendant in the above styled
case, without waiving any valuable rights he might have under
law including but not limited to his right to appeal the above
captioned matter, and files this his Motion to Require the State
to answer all pretrial Motions in writing, and in support thereof,
shows this Honorable Court the following:

1.  The Defendant has on file, or will file, with this
Honorable Court, vital and critically important pretrial Motions
relating to discovery of exculpatory evidence and to other matters
vital to his defense, and this Court has scheduled a pretrial
hearing wherein the State will be required to answer all of the
Defendant's previously filed pretrial Motions.

2.  The Defendant would request this Honorable Court to
require the State to answer the Defendant's pretrial Motions

68          ENTERED-MGB    APR 30 1990

in writing, for the reason that the Goergia Appellate Courts consistently require that a full and complete record be presented on points which are given to them for review.

3.   Therefore, to insure that a complete and accurate record of all of the State's answers and admissions to Defendant's pretrial Motions shall be able to be presented to the Appellate Courts should an appeal from this case be necessary, Defendant requests this Honorable Court to require the District Attorney to file with this Court answers to all pretrial Motions filed by the Defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to require the District Attorney to file written answers to all of Defendant's pretrial Motions.

THIS ⁨27⁩ day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

69

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 2*⁴ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

70

FILED IN OFFICE

1990 APR 30 PM 12: 50

~~R. Schneck~~
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| -v- | ) | INDICTMENT NUMBER:  089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |

## MOTION FOR COMPLETE RECORDATION OF
## ALL PROCEEDINGS

Now comes the Defendant, TROY ANTHONY DAVIS, in the above stated case and moves the Court for an Order directing the Court Reporter to take down and record all hearings on all Motions, the Arraignment, all objections, all bench conferences, all jury voir dire, opening statements, closing arguments, all testimony and each and every proceeding involved in pre-trial and trial in the above stated case and also all conferences held between the District Attorney of this Circuit and any Superior Court Judges concerning the above entitled case when the Defendant or defense counsel is not present.

_____
Robert E. Barker
State Bar Number: 0037700

_____
Robert  E. Falligant, Jr.
State Bar Number:   254800

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

ENTERED-V G B    APR 3 0 1990

71

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

72

#21

FILED IN OFFICE

1990 APR 30 PM 12: 54

*R. Ochech*
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

#21 is combined
with # 40 for
Ruling - See #40

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| -v- | ) | INDICTMENT NUMBER:  089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |

## MOTION FOR NOTICE BY THE STATE OF THE INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

Now comes the Defendant, TROY ANTHONY DAVIS, by and through his attorneys of record, and moves this Court for entry of an Order directing the Government to specify all evidence which is arguably subject to suppression.

1.  Motions to Suppress must be raised prior to trial if it is possible to do so. In order to expedite the preparation for trial and to avoid unnecessary interruptions during the trial, to hear suppression issues, early notice and pretrial litigation of such questions is imperative.

This Motion calls for the State to advise the Defendant of any specific evidence which is arguably subject to a Motion to Suppress and which it intends to use at trial.  By such disclosure Defendant is alerted to the necessity, if it exists, of making a Motion to Suppress.  This Motion requests notice of evidence

ENTERED-VGB   APR 3 0 1990

73

"arguably" subject to suppression.  If an argument properly can be made, counsel is entitled to the opportunity to make it. Certainly, the attorneys for the State should not sit as Judges and decide which issues will be exposed to the adversary process and which will be secreted from it.

Indeed, the Government conceded as much in <u>Alderman -v- United States</u>, 394 U.S. 165 (1969), where it agreed that surveillance records "arguably relevant" to the Petitioner's convictions should be turned over to the trial Judge for an in-camera examination and the Supreme Court held that such "arguably relevant" records should be turned over directly to defense counsel. There is no reason to permit a "trial by ambush". See, <u>United States -v- Kelly</u>, 420 F2d 26, 29 (2d Cir. 1969).

This Motion is manifestly in the interest of judicial economy, is necssary to safeguard the Defendant's constitutional right to due process and effective assistance of souncel pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia Constitution.

WHEREFORE, the Defendant moves the Court to issue an Order directing the State comply with the requests as contained herein.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

74

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

75

FILED IN OFFICE

1990 APR 30 PM 12: 51

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| -v- | ) | INDICTMENT NUMBER:  089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |

— — — — — — — — — —

### MOTION RESERVING THE RIGHT
### TO FILE ADDITIONAL MOTIONS

Now comes the Defendant, TROY ANTHONY DAVIS, through

counsel, Robert E. Falligant, Jr., and requests an Order of

this Court, reserving his right to file such additional

motions as the future progression of this case may merit.

As grounds for this Motion, Defendant states as follows:

1.  Informal discovery is ongoing and incomplete. Problems

of availability, as well as propriety of revealing certain in-

formation in the possession of the State may arise upon which

Defendant may be compelled to file formal Motions with the

Court.

2.  The inordinate complexity of the charges brought by

the State against the Defendant compel continuing analysis of

ENTERED-V.G B    APR 3 0 1990

76

materials discovered and in process of discovery which may
well lead to the necessity of additional substantive Motions.

THIS 27 day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number:  254800


Robert E. Barker
State Bar Number:  0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

72

#4

FILED IN OFFICE

1990 APR 30 PM 12:52

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

### GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| -v- | ) |
| | ) |
| TROY ANTHONY DAVIS | ) |

INDICTMENT NUMBER:   089-2467-H

## MOTION FOR WRITTEN RULINGS ON PENDING MOTIONS

Comes now the Defendant, TROY ANTHONY DAVIS, through counsel
and files this his Motion for Written Rulings on all pending
Motions argued before the Court as to which there has been no
request to file briefs or to keep the record open, counsel
showing the Court the following:

1.  The State has indicated an intention to seek the death
penalty against the Defendant.

2.  In order to provide the Defendant with effective repre-
sentation of counsel as defined in the Sixth Amendment to the
United States Constitution, counsel should see that clear, de-
finitive and unambiguous rulings addressing all factual, legal
and constitutional issues brought before the Court appear in
the record and that none of the Motions filed or made are or
can be deemed waived in any direct or collateral proceedings,
appellate or otherwise.

3.  That no Georgia or Federal Appellate Court will con-
sider or review any issue or Motion not specifically ruled on as

79        ENTERED-VGB   APR 30 1990

error absent ruling clearly addressing issues raised or Motions made.[1]  Likewise, trial preparation cannot proceed guessing all Motions pending will ultimately be resolved in the State's favor.

4.  To assure that no waiver of any sort that may restrict or deny the Defendant's rights to due process under the Fifth, Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraph 1 of the 1983 Georgia Constitution, Defendant PRAYS:

That the Court rule on all Motions pending before the Court not specifically reserved for further evidence, briefs or action, said rulings to include any statutorily or constitutionally required findings of fact and/or conclusions of law.

---

[1]Appeal dismissed as no written Order filed, Georgia Television Company, d/b/a WSB-TV -v- The State, et al, _____ Ga. _____ (No. 45133 decided October 30, 1987); Georgia Gelevision -v- Castellani, _____ Fa. _____ (No. 45088, decided October 29, 1987); See Talley -v- Sun Finance Co., 156 SE.2d 55, 223 Ga. 419 (1967); Seabolt -v- Seabolt, 137 SE.2d 642, 220 Ga. 181 (1964); McDonald -v- Wimpy, 56 SE.2d 524, 206 Ga. 270 (1950); Sunn -v- Mercury Marine , 327 SE.2d 562, 173 Ga. App. 593 (1985); West -v- Life Ins. Co. of Virginia, 237 SE.2d 239, 142 Ga. Appl 877 (1977); Bell -v- Brewton, 228 SE.2d 600, 139 Ga. App. 463 (1976); Tingle -v- Harvill,  187 SE.2d 536, 125 Ga. App. 312 (1972); Winslette -v- Keeler, 137 SE.2d 288, 220 Ga. 100 (1964);Stout -v- Pate, 69 SE.2d 576, 208 Ga. 768 and Rogers -v- Adams, 105 SE.2d 364, 98 Ga. App. 155 (1958).

THIS _21_ day of April, 1990.


_____
Robert E. Falligant, Jr.
State Bar No. 254800


_____
Robert E. Barker
State Bar No. 0037700


Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing
counsel with a copy of the foregoing document by depositing
same in the United States Postal Service to be delivered to
the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

82

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

STATE OF GEORGIA            )
                            )
VS.                         )  INDICTMENT
                            )  NUMBER 089-2467-H
TROY ANTHONY DAVIS          )

FILED IN OFFICE

1989 APR 30  PM 12: 52

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

## MOTION TO CONTROL PREJUDICIAL PUBLICITY

The Defendant, Troy Anthony Davis, through counsel, moves this Court for Orders (1) excluding the public, and the print and electronic media from all pretrial hearings in his case; (2) prohibiting all attorneys, parties, witnesses, law enforcement personnel and court personnel, who are connected to the prosecution or investigation of this case, from extra-judicially releasing information in any form, to any agent or employee of any news media, concerning any aspect of this proceeding; (3) directing that all records and transcripts in this case be sealed until a jury is impaneled and sequestered or after trial; and (4) prohibiting the use of video or other cameras to photgraph the court proceedings herein. Such measures are required by Article 1, Section 1, Paragrahps 1, 2, 14, and 17 of the Georgia Constitution of 1983, and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States to protect the Defendant's right to a fair trial by an impartial jury and a fair, reasoned and objective determination of punishment.

IN SUPPORT THEREOF, the Defendant states:

1. The Defendant is before this Court charged with murder and other crimes arising out of a highly publicized

82

homicide.   The District Attorney has announced his intention to seek the Death Penalty.

2.   Coverage of the proceedings herein not only results in the dissemination of prejudicial information revealed at those hearings but also triggers the recounting of facts and evidence.

3.   The coverage of this case is broad in scope and in its prejudicial nature.   As a result, there is a serious and imminent threat to the fair administration of justice in this case.   There is no alternative short of those sought in this Motion to preserve the Defendant's right to a fair trial by an impartial jury and his right to a reliable determination of punishment.   Under these circumstances, Article 1, Section 1, Paragraphs 1, 2, 14, and 17 of the 1983 Georgia Constitution and the Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution require this Court to take appropriate and effective steps to prevent the proceedings and the participants in this case from becoming a source of further prejudicial publicity.

WHEREFORE, for the reasons set out herein and those developed upon an evidentiary hearing on this Motion, the Defendant requests that this Court enter Orders:

1.   Excluding the public and the print and electronic media from all pretrial hearings in this case;

2.   Prohibiting all attorneys, parties, witnesses, law enforcement personnel and court personnel, who are connected to the prosecution or investigation of this case, from extra-judicially releasing information in any form, to

any agent or employee of any news media, concerning any aspect of this proceeding;

3. Directing that all records and transcripts in this case be sealed until a jury is impaneled and sequestered or after trial; and

4. Prohibiting the use of video or other cameras to photograph the Court proceedings herein.

5. Any other relief which is just and appropriate to protect his constitutional rights set out herein.

This 27th day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number 254800


Robert E. Barker
State Bar Number 037700
Attorneys for Defendant

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS _17_ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

FILED IN OFFICE

1990 APR 30  PM 12: 52

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| -v- | ) | INDICTMENT NUMBER:  089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |
| | ) | |

MOTION FOR IMPOSITION OF A GAG ORDER ON BOTH
THE STATE AND DEFENSE

Comes now the Defendant, TROY ANTHONY DAVIS, in the above
styled action, by and through his undersigned counsel of record,
and hereby moves the Court to Order that neither counsel for the
State or Defendant in the above styled case shall make any state-
ments about or release information concerning the above styled
case to any individual or entity including, but not limited to,
radio, television, or newspaper reporters.

Defendant respectfully submits that a strict "Gag" Order
should be imposed on this case covering not only counsel, but
all potential witnesses and law enforcement officials who might
testify at the trial of the case or who have information concer-
ning the matter that forms the subject of the above styled in-
dictment.  Defendant would assert that a "Gag" Order is appro-
priate in this case because of the inordinate amount of publicity

ENTERED-V G B   APR 3 0 1990

that has been given and will be given to this case including

up to and during the trial and the entry of such an Order is

imperative to insure Defendant's rights to a fair trial and

impartial Jury as guaranteed by the Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution and

Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983

Georgia Constitution.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800


Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

88

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

89

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

FILED IN OFFICE
1990 APR 30 PM 12: 52
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA
COUNTY OF CHATHAM

THE STATE OF GEORGIA                )
                                    )
                                    ) INDICTMENT NUMBER
    VS.                             ) 089-2467-H
                                    )
TROY ANTHONY DAVIS                  )

MOTION FOR CHANGE OF VENUE

The Defendant through his undersigned counsel, moves this Court, pursuant to O.C.G.A. 17-7-150, Article 1, Section 1, paragraphs I, XI, and XVII of the Georgia Constitution of 1983, and the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, for an evidentiary hearing and an Order granting a Change of Venue.

IN SUPPORT THEREOF, Defendant states:

1. The Defendant is charged with murder and the State is seeking the Death Penalty.

2. At least four major newspapers, including the Savannah Morning News, the Savannah Evening Press, the Atlanta Constitution and Atlanta Journal, having circulation in the area of Savannah, Georgia and surrounding counties have published and circulated newspaper articles describing the acts regarding Defendant is charged, and rumors and leads regarding other criminal activity with which the Defendant. The stories contained in this various series of articles by these papers include significant portions of facts and evidence, including hearsay relative to the

ENTERED-V G B   APR 30 1990

90

Defendant, the charges and the case, the admissibility of which has not been considered by this Court. In addition, stories regarding the victim and his family have been published in the same papers which include stories relative to the victims family life and the hardship that has resulted to the family brought about by the death of the victim. This information has created an emotionally charged environment within the community and an atmosphere which has severely prejudiced this Defendant and his ability to obtain a fair trial within this community.

3. The same or similar stories were likewise broadcasted over the three local television stations as well as all of the area radio stations which number at least ten including both FM and AM coverage within the community.

4. The facts and details involved in this case have been given such extensive publicity by the newspapers, broadcast media, and other forms of communication operating within this county and in a manner so prejudicial to the Defendant's interest, that a fair trial by an impartial and unbiased jury cannot be had in this county.

5. The reference to charges pending against the Defendant and to the Defendant's background has placed before the prospective jurors information which is incompetent as evidence and has severely prejudiced prospective jurors against the Defendant.

6. The coverage of this case by the combined media, by reporting the death of a police officer in the line of duty working at a second job to earn income for the support

of his family and the facts surrounding the Defendant's background and extensive man hunt conducted prior to his arrest has created an atmosphere of hostility and hatred against the Defendant and one of sympathy for the victim's family. A combination of all of these factors and influences will have an adverse impact on any juror selected to sit in judgment on this case and severely prejudice this Defendant's right to a fair trial.

WHEREFORE, Defendant moves for an evidentiary hearing on this Motion and moves that this Motion for Change of Venue be granted.

Respectfully submitted this 27th day of April November, 1989.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing
counsel with a copy of the foregoing document by depositing
same in the United States Postal Service to be delivered to
the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS *27th* day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

#8

FILED IN OFFICE

1990 APR 30  PM 12: 52

_R. R. Dehrech_

SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE  SUPERIOR  COURT  OF  CHATHAM  COUNTY

GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| -v- | ) | INDICTMENT NUMBER:   089-2467-H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |

— — — — — — — — — — )

### MOTION FOR INDIVIDUAL VOIR DIRE AND SEQUESTRATION OF JURORS DURING VOIR DIRE

Now comes TROY ANTHONY DAVIS, the defendant in the above styled indictment and moves this Court to allow counsel to voir dire the prospective jurors individually, separately and apart each from the other and to sequester the jury from the Court-room during the voir dire in order to prevent the jury panel from hearing the questions being asked individual jurors.  In support of his Motion, Defendant shows the Court:

1.  Emotionally charged and prejudicial publicity appeared in local papers describing the acts with which Defendant was charged.

2.  Collective voir dire of jurors in panels as to their familiarity with the crime, the victim or the probability of Defendant, guilt or innocence, will educate all jurors to prejudicial

ENTERED-V G B   APR 3 0 1990

94

and incompetent material, thereby rendering it impossible to select a fair and impartial jury.

3. The issues in the case require that the voir dire include sensitive and potentially embarrassing questions exploring the prospective juror's bias or prejudice.

4. Collective voir dire of jurors in panels will preclude the candor and honesty on the part of the jurors which is necessary in order for counsel to intelligently exercise their peremptory challenges.

5. If the District Attorney qualifies the jury as to their conscientious belief regarding capital punishment, such collective voir dire will tend to exclude from the jury persons with ambivalent feelings toward the death penalty, as the prospective jurors will not know the specificity and certainty required to be disqualified under the Witherspoon Rule. Prospective jurors will merely see other persons excused for conscientious opposition to the death penalty, and will assert their own ambiguous belief either from a sense of duty or to be excused from jury service.

WHEREFORE, said Defendant prays that the Court order an individual voir dire with each prospective juror examined separately and privately.

THIS 27 day of April, 1990.

Robert E. Barker
State Bar Number:  0037700

Robert E. Falligant, Jr.
State Bar Number: 254800

(912) 236-2774

95

CERTIFICATE OF SERVICE


THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

96

FILED IN OFFICE

1990 APR 30 PM 12: 52

_R. R. Dehred_
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

### GEORGIA

STATE OF GEORGIA            )
                            )
        -v-                 )        INDICTMENT NUMBER:   089-2467-H
                            )
TROY ANTHONY DAVIS          )
                            )
- - - - - - - - - -

### MOTION TO PROHIBIT JURY DISPERSAL

Now comes the Defendant, TROY ANTHONY DAVIS and moves the
Court that the jurors in the above styled case shall not be
allowed to disperse but shall remain together throughout the
proceedings in said case and shall not be allowed to commu-
nicate with anyone except the Court in Open Court and all such
communications shall be reported to the attorney for the Defendant
in full.

THIS 27 day of April, 1990.

Robert E. Barker
State Bar Number: 0037700

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

ENTERED-V G B      APR 3 0 1990

91

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FILED IN OFFICE
1990 OCT 12 PM 4:13
DEP. CLK SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA

VS

TROY ANTHONY DAVIS

)
)
)
)

INDICTMENT NO. 089-2467-H

## DEFENSE MOTION NO. 9
## TO PROHIBIT JURY DISPERSAL

FOLLOWING THE SELECTION OF THE TWELVE JURORS AND ALTERNATES THE JURY SHALL BE SEQUESTERED AND NOT ALLOWED TO BE DISPERSED UNTIL A VERDICT IS RENDERED OR A MISTRIAL GRANTED.

THE JURORS SHALL COMMUNICATE WITH THE COURT IN WRITING.

SO ORDERED, THIS 12 DAY OF OCTOBER, 1990.

JAMES W. HEAD, JUDGE
SUPERIOR OCURT E.J.C., GEORGIA

ENTERED-V G B   OCT 1 5 1990

99

#10

FILED IN OFFICE

1990 APR 30  PM 12: 53

IN THE SUPERIOR COURT OF CHATHAM COUNTY CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

GEORGIA

STATE OF GEORGIA        )
                        )
    -v-                 )    INDICTMENT NUMBER:   089-2467-H
                        )
TROY ANTHONY DAVIS      )
_ _ _ _ _ _ _ _ _ _)

MOTION TO DISCLOSE THE PAST AND
PRESENT RELATIONSHIPS, ASSOCIATIONS
AND TIES BETWEEN   THE DISTRICT ATTORNEY
AND   PROSPECTIVE JURORS

Now comes the Defendant in the above styled case and moves

this Court to grant this Motion for Disclosure and as grounds

therefor states the following:

1.  This case involves sensitive, emotional issues of

violence which will make selection of impartial jurors difficult.

2.  This difficulty is compounded by the size of the commu-

nity and the fact that the District Attorney has personal ties

with many of the prospective jurors which will impede their

ability to make a fair and impartial determination of the issues.

3.  Discovery of religious, social, business, professional,

recreational, and political associations, and previous employ-

ment by or dealings with any prospective juror or juror's family

ENTERED-V G B    APR 30 1990

100

as to the criminal justice system, is essential to a throrough voir dire of the jurors and selection of an impartial jury.

4.  Prospective jurors are often hesitant to reveal such relationships.

WHEREFORE, Defendant prays that the Motion for Disclosure be granted along with any further relief the Court may deem appropriate.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS _27th_ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

102.

FILED IN OFFICE

1990 APR 30 PM 12: 53

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| —v— | ) | INDICTMENT NUMBER: 089—2467—H |
| | ) | |
| TROY ANTHONY DAVIS | ) | |
| | ) | |

## MOTION TO INVOKE RULE PRIOR TO VOIR DIRE, PROHIBIT WITNESSES FROM CONVERSING, AND TO ENJOIN DISTRICT ATTORNEY FROM ADVISING WITNESSES OF PREVIOUS TESTIMONY

The Defendant, through counsel, moves this Court, pursuant to O.C.G.A. §24-9-61; Article 1, Section 1, Paragraphs I, XI, XII, XIV, and XVII, and Article V, Section III of the Georgia Constitution of 1983; and the Sixth, Eighth and Fourteenth Amendments to the United States Constitution to enter an Order invoking the rule on witnesses prior to voir dire, ordering that the witnesses be advised not to discuss the testimony which they intend to give or have given with any other prospective witnesses and instructing the District Attorney and his assistants not to advise the witnesses, including police officers, as to their previous statements and the testimony previously given by other witnesses.

IN SUPPORT THEREOF, the Defendant states the following:

1. The purpose of invoking the rule on witnesses is to

ENTERED

preclude the witness' testimony from being tainted by the influence of the attorneys or of other witnesses. A witness should not discuss the case with anyone, and should not listen to either side's theory of the case. See, O.C.G.A. §24-9-61; Lackey -v- State, 246 Ga. 331, 271 SEc2d 478 (1980).

2. During voir dire, attorneys for each side ask questions and make statements to the Jury concerning their case and what they intend to prove during the course of the trial. If witnesses are present in the Courtroom during these statements, their testimony may be affected by the attorney's statement.

3. In the opening statement, attorneys specify what statements a certain witness will make to the Jury. If the witness is present in the Courtroom when the attorney makes this statement, the witness may have a tendency to omit relevant and pertinent testimony which might be beneficial to one side or the other.

4. The State is seeking the death penalty in this case and there is a greater need for reliable procedures to ensure that witnesses are not tainted by the testimony of other witnesses or the statements of the attorneys.

5. In order to ensure a fair trial and reaffirm the purpose underlying the invocation of the Rule, witnesses and District Attorney's office, must be instructed not to discuss any previously given testimony.

WHEREFORE, Defendant prays that the Court enter an Order granting the relief requested herein and in the event that any

witness violates the Court's Order, that said witness be precluded from testifying in this case.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27'4 day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

#12

FILED IN OFFICE

1990 APR 30 PM 12: 53

_____ R. _____
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
    -v-                   )    INDICTMENT NUMBER:  089-2467-H
                          )
TROY ANTHONY DAVIS        )
_ _ _ _ _ _ _ _ _ _ _ _ _)

MOTION TO BE FURNISHED THE LIST OF VENIREMEN
FOR THE WEEK THAT THE CASE IS TO BE TRIED
AS SOON AS THAT LIST IS COMPLETED

     Comes now the Defendant, TROY ANTHONY DAVIS, in the above

styled case, without waiving any valuable rights he might have

under law including but not limited to his right to appeal the

above captioned matter and files this his Motion to be furnished

a list of all veniremen for the week that his case is set for

trial, as soon as that list is completed and compiled by the

appropriate authorities, and in support of said Motion, the

Defendant shows this Honorable Court the following:

     1.  The Defendant stands charged with the offense of murder

and comes before this Honorable Court to face the possible

punishment of life or death.  As a result of the seriousness

of the charges and the gravity of the possible punishment, it

is imperative that all of Defendant's Constitutional and statu-

tory rights be fully protected. In order to insure that he has

ENTERED V.C.B    APR 7 0 1990

adequate time to properly prepare for the voir dire examination of the Jury which will be selected to sit in Judgment of him, it is requested that he be furnished the list of all veniremen as soon as that list is completed.

2.   The request made by the Defendant for a list of the veniremen for the week the trial is scheduled as soon as it is completed imposes no hardship or restriction upon the authorities and personnel obligated to compile such list, and, therefore, would be in no way harmful to the State of Georgia, nor would it be an impossible request to be made to the personnel involved in compiling the list of veniremen.

3.   This Motion is brought to insure Defendant's right to due process and effective assistance of counsel and a fair and impartial determination of the issues before the Jury as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia Constitution.

WHEREFORE, Defendant respectfully requests this Honorable Court to furnish him with a complete list of all veniremen for the week that the trial is set for trial as soon as that list is compiled and completed by the appropriate persons in charge of that procedure in Chatham County.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

#13

FILED IN OFFICE

1990 APR 30  PM 12: 53

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
     -v-                  )     INDICTMENT NUMBER:  089-2467-H
                          )
TROY ANTHONY DAVIS        )
_ _ _ _ _ _ _ _ _ _ _ _ _ )

### MOTION TO REQUIRE THE STATE TO FURNISH PROPOSED
JURY INSTRUCTIONS TWENTY-FOUR HOURS PRIOR TO TRIAL

The Defendant, TROY ANTHONY DAVIS, by and through counsel,

moves this Court pursuant to Rule 10.3 of the Georgia Uniform

Rules of Superior Courts, Article I, Section I, Paragraphs I,

II, XI, XII, and XVII of the Georgia Constitution of 1983, and

the Sixth, Eighth and Fourteenth Amendments to the United States

Constitution, to require the State to furnish the Defendant with

copies of the State's proposed Jury instructions twenty-four

(24) hours in advance of trial.

IN SUPPORT THEREOF, Defendant states the following:

1.  Rule 10.3 of the Georgia Uniform Rules of Superior

Courts requires "All requests to charge to be submitted to the

Court at the commencement of trial, unless otherwise provided

by pretrial Order . . .".

2.  In the past, it has been customary practice for the

ENTERED-V C B    APR 30 1990

District Attorney's Office to furnish the defense counsel with copies of proposed Jury instructions just prior to their submission to the Court, thereby leaving little time for counsel to properly research objections to them.

3.   Since the Georgia Supreme Court requires specific objections to the instructions at trial, counsel requires at least twenty-four (24) hours prior to trial for study of the proposed instructions.

4.   If the District Attorney is premitted to withhold instructions without just cause until the case is about to be submitted to the Jury, the Defendant will be denied his rights to a fair trial.

WHEREFORE, Defendant respectfully prays that this Court require the State to furnish the Defendant with copies of the State's proposed Jury instructions twenty-four (24) hours in advance of trial.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS ___ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

112

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FILED IN OFFICE

1990 APR 30 PM 12: 53

_R. S. Dehresh_
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA )
)
VS. )  INDICTMENT
)  NUMBER 089-2467-H
TROY ANTHONY DAVIS )

<u>DEMAND FOR LIST OF WITNESSES</u>

COMES NOW, the Defendant prior to his arraignment and demands a copy of the complete list of witnesses on whose testimony the charges against him are founded and any and all witnesses who the State expects to call at the trial of this case. This demand is made prior to his arraignment and is made pursuant to Georgia Law 1966, pages 430,431 and 432.

This 27 day of April, 1990.

_Robert E. Falligant, Jr._
Robert E. Falligant, Jr.
State Bar Number 254800

_Robert E. Barker_
Robert E. Barker
State Bar Number 037700
Attorneys for Defendant

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

ENTERED-V G B    APR 30 1990

113

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

114

IN THE SUPERIOR COURT OF CHATHAM COUNTY   FILED IN OFFICE
STATE OF GEORGIA

1990 APR 30  PM 12: 53

STATE OF GEORGIA          )
                          )                              _____
VS.                       ) INDICTMENT        CLERK, SUPERIOR CT.
                          ) NUMBER 089-2467-H CHATHAM COUNTY, GA
TROY ANTHONY DAVIS        )

## MOTION FOR DISCOVERY

COMES   NOW,   the   Defendant   in   the   above   styled
indictment   without   waiving   formal   arraignment   and   moves   the
Court   to   require   the   State   through   the   District   Attorney   of
the   Circuit   to   produce   at   the   trial   of   the   above   styled
case,   and   at   any   and   all   non-jury   hearings   of   the   above
styled case, the following documents, pictures and articles:

1.   Copies   of   all   reports   and memoranda connected
with the said charges against the named Defendant.

2.   All   written   statements   of   witnesses   in   the
possession   of the prosecutor relating to the charges against
the named Defendant in the above styled indictment.

3.   Names,   addresses   and   telephone   numbers   and
whereabouts   of   all   witnesses   to be called by the State in
the trial of the named Defendant.

4.   Statements   of   all persons including memoranda,
summaries   or   recordings   of   such statements of any person,
made   to   any   law   enforcement   officer or the investigative
staff   of   any prosecutor in any way connected with the above
styled indictment.

5.   All   memoranda, documents and reports of all law
enforcement   officers   connected   with   the subject matter of
the   indictment   referred   to above as well as the same of the

investigative staff of all prosecutors.

6.   Results  of  all reports of any scientific tests or  experiments  or studies made in connection with the above styled case and all copies of such reports.

7.   All fingerprint documents and reports related to the crimes alleged to have been committed by this Defendant.

8.   Names  and addresses of all persons who may have some  knowledge  of  facts of the present case in addition to names  and  addresses  given  to  the  attorney for the named Defendant.

9.   Full  names  and  addresses of all informers and other  persons  who  gave  information which served as a basis for  the  affidavits  for the search warrants for Defendant's home located at 1628 Sylvester Drive, Savannah, Georgia.

10.   The full names and addresses of all persons who have  given  information  to  the prosecuting attorney or law enforcement  officers relating to the arrest of the Defendant and the charges against him.

11.   All  reports,  documents,  letters and memoranda which  were  a  basis  of  affidavits for search warrants for 1628 Sylvester Drive, Savannah, Georgia.

12.   The  criminal  records  and any list or summary reflecting  criminal  records  of  all persons whom the State intends  to  call  as  a  witness  in  the trial of the named Defendant.

13.   All  written  and  recorded  statements and all summaries  or  memoranda  of  any  oral or written statements made  by  the  named Defendant and all other Defendants named

in the above styled indictment.

14.   All records of the prosecutor showing and tending to show how the persons named on the jury panels sent to the courtroom for the trial of the Defendant have voted in the past on criminal and civil cases.

15.   All diagrams, sketches and pictures which have been made by or shown to any witness or prospective witness in the above styled case.

16.   The transcript, minutes and record of the Grand Jury proceeding in connection with the return of the above styled indictment.

17.   A detailed description of all physical items other than documents and pictures which the prosecutor anticipates using in the trial of the named Defendant and the exact place where and under whose custody such items are being held.

This motion is made under the authority of <u>Brady v. Maryland</u> , 373 U.S. 83,83S.Ct.1194,10 L.Ed.2d 215 (1963); <u>Giles v.Maryland</u> , 386 U.S. 66, 87 S.Ct. 793, 17L. Ed. 2d 737 (1967); and <u>Williams v. Dutton</u> , 400 Fed.2d 797 (5th Cir. 1968).

The aforesaid documents are in the possession of the State or are available to the District Attorney and are favorable or arguably favorable to the Defendant as to the issue of innocence and punishment.

That all of said documents, pictures and articles are relevant, significant and constitute substantial material evidence and will be useful to the named Defendant

as evidence upon his trial under said indictment.

That the named Defendant cannot safely go to trial on this indictment without the production of said documents and in their absence will be denied the use process of law as guaranteed by Article I, Section I, Paragraph I on the Constitution of the State of Georgia of 1982 (Ga.Code Ann. 2-101) and the Fifth Amendment of the Constitution of the United States of America (Ga. Code Ann. 1-804) made applicable to the States through the Fourteenth Amendment to the Constitution of the United States.

That without the production of the documents referred to above, the Defendant's counsel will not be able to effectively represent him in the above styled case; and thus he will be denied the right of counsel which is guaranteed to him under the provisions of Article I, Section I, Paragraph XI (Ga. Code Ann., 2-111) of the Georgia Constitution of 1976, and the Sixth Amendment of the United States Constitution (Ga Code Ann., 1-806) made applicable to the States through the due process clause of the Fourteenth Amendment of the United States Constitution (Ga.Code Ann., 1-815).

WHEREFORE, The named Defendant prays:

a. That the State be required to produce all documents and other evidence referred to above.

b. Without waiving his right to have his counsel examine said documents, pictures and articles, if the Court does not permit this to be done, that the Court conduct an in camera examination of said documents, pictures and

articles, and his counsel be permitted to see and copy or reproduce any of said documents, pictures and articles which the Court determines to be favorable to the named Defendant as to the question of guilt or punishment or for the purpose of impeaching any of the witnesses to be called by the State in the trial of the named Defendant.

c. That if any part of said documetary evidence is not made available to the named Defendant prior to the commencement of his trial, then without waiving his right to the production of said evidence prior to his trial, he respectfully moves the Court for an order directing the District Attorney to produce all such documents and evidence and to submit the same to his counsel at the close of the State's evidence.

d. Without waiving the foregoing, the Defendant requests that any exact copy be made of each item which is not presented to defense counsel and that the same be sealed and included in the record of this case for the purpose of insuring effective review of the Court's denial of the Defendant's previous request for disclosure.

e. That the duty of the District Attorney to disclose pursuant to this Motion be considered as continuing up until and through the trial and post judgment proceedings.

This _____ day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number 254800

Robert E. Barker
State Bar Number 037700
Attorneys for Defendant

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

121

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA FILED IN OFFICE

STATE OF GEORGIA
COUNTY OF CHATHAM

1990 APR 30 PM 12: 53

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

THE STATE OF GEORGIA            )
                                )
                                )  INDICTMENT NUMBER
    VS.                         )  089-2467-H
                                )
TROY ANTHONY DAVIS              )

MOTION TO REQUIRE PROSECUTOR TO DISCLOSE EVIDENCE FAVORABLE
TO THE DEFENDANT UNDER BRADY AND GIGLIO

        NOW COMES the Defendant in the above styled case and
moves this Court to grant this Motion for Disclosure and as
grounds therefor states the following:

        1.  Movant has been indicted for five felonies in
the above styled case and a copy of the Indictment is
hereunto annexed and made a part hereof this Motion as
Exhibit "A".

        2.  For several months preceeding the return of said
Indictment, a wide and far reaching investigation of the
Movant and the crimes for which he has been charged in the
Indictment by the Savannah Police Department and other
investigative agencies.

        3.  Movant brings this Motion and shows that he
should be afforded all information and evidence in the
possession of the State or it's investigation that may be
materially favorable to the accused either of a direct or
impeaching nature and in this regard, Movant specifically
alleges that he is entitled to be afforded with the
following items, information and details, to wit:

ENTERED-M.G.B.

(a)   Copies of any and all statements allegedly made by the Defendant, whether oral, written, taped recorded or in whatever form that the prosecution intends to introduce into evidence or to rely upon in the trial of said case.

(b)   The names and addresses of all persons interviewed and a copy of the statements allegedly made by such persons and whether such statement is oral, written, taped, recorded or otherwise reduced to writing by summary or otherwise.

(c).   The total and complete list of all persons interviewed in the entire investigation and the name of the person or persons conducting such interviews, together with a copy and correct account of the interview. If more than one interview has been made as to any person, then a copy and result of each interview should be produced.

(d)   Any and all tapes or electronic recordings, written statements or summaries made thereof by any officer or employee of the State, City of Savannah, County, Sheriff or District Attorney's Office with reference to all persons interviewed, whether they are to be called as witnesses for the State or not.

(e)   A complete and detailed list of the criminal records of all State's witnesses, including any and all charges which may now be pending aginst them and which has not yet been officially disposed of by plea, trial or otherwise.

(f)   Any and all written reports, documents or any physical evidence that is in the possession of the State or

prosecution relative to this case or the investigation thereof.

(g) The total and complete investigative files of the Savannah Police Department, Georgia Bureau of Investigation, Sheriff's Office, the District Attorney's Office, or any other agency or bureau of the State who may have taken part in any phase of said investigation; together with all correspondence and communications concerning the same.

(h) The names and addresses of all agents, officers and investigators of Savannah Police Department, Georgia Bureau of Investigation, District Attorney's Office, Sheriff's Office, or any other investigative agency who may have participated in said investigation.

(i) Whether or not any person interviewed in reference to said case or the investigation thereof has in any way or manner directly or indirectly been subjected to any coercion, duress, threats, intimidation, punishment, unequal treatment or discrimination and whether any of such persons have been promised immunity from prosection, leniency or any form of reward, inducement or offer of help or assistance has been held out, offered or made to him.

4. There may be other items and matters of evidence, information, and data in existance that are not enumerated aforesaid and of which Movant is unaware, due to the secrecy surrounding the investigation but in any event Movant now requests and demands that he be afforded with any and all evidence and information, whether specifically

delineated and listed herein or not, that may be materially favorable to the Movant within the context of <u>Brady v. Maryland or Giglio</u> .

5. Movant requests that an evidentiary hearing be held on this Motion in order that a proper foundation may be laid as to what evidence, information and data is in possession of the State and prosecution, and that the State be directed to make such disclosures immediately. Movant requests that all of the State's files, reports, statements and all other items specified herein should be properly identified, examined <u>in camera</u> by the Court, and as to all items that are not disclosed to the defense pursuant to this Motion, that such undisclosed items be deposited into the registry of the Court where they will be available for Appellate review and/or post conviction relief, if necessary.

This 27 day of April, 1990.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 21st day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

126

FILED IN OFFICE

1990 APR 30 PM 12: 54

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA  )
        )
 -v-      ) INDICTMENT NUMBER: 089-2467-H
        )
TROY ANTHONY DAVIS )
        )
- - - - - - - - - - - - -)

## MOTION FOR COPY OF SCIENTIFIC TESTS

Now comes the Defendant, by and through his counsel, and files this, his Motion as above styled and respectfully moves the Court as follows:

1.   That pursuant to O.C.G.A. §17-7-211, the Defense is entitled to copies of all scientific reports at least ten (10) days prior to the trial of this case.

WHEREFORE, DEFENDANT PRAYS:

(a)   That copies of all scientific reports, made in conjunction with the above styled case, be furnished to the defense attorneys at least ten (10) days prior to the trial of said case; and

(b)   In the event that the prosecution does not comply,

ENTERED-V.G.B   APR 30 1990

any such scientific reports, and testimony based thereon,

shall be excluded and suppressed from the prosecution's

case-in-chief or in rebuttal.

THIS $27$ day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number: 254-800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE


THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

        Mr. Spencer Lawton, Jr.
        District Attorney
        Eastern Judicial Circuit of Georgia
        Chatham County Courthouse
        133 MOntgomery Street
        Savannah, Georgia 31499

THIS 27th day of April, 1990.


                                    Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

129

FILED IN OFFICE

1990 APR 30 PM 12: 54

_R. Schresh_

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| -v- | ) INDICTMENT NUMBER:  089-2467-H |
| | ) |
| TROY ANTHONY DAVIS | ) |

## MOTION TO INSPECT, EXAMINE AND TEST PHYSICAL EVIDENCE

Now comes the Defendant and moves this Court to issue an
Order compelling the State to produce certain items of physi-
cal evidence in its possession and control for inspection,
examination and testing by experts designated by the Defendant.
Said items of evidence, collected by the State in the investi-
gation of this case, are material and relevant to the issues of
guilt, innocence, degree of culpability and effective cross-
examination of State witnesses against the Defendant.  Each of
said items listed below has been examined and tested by the
State through its experts and the Georgia Bureau of Investigation
Crime Laboratory.  Said items of physical evidence the Defendant
desires to inspect, examine and test, by and through his designated
experts, are set out below:

1.  Any clothing taken from the victim.

2.  All physical evidence recovered from the place in or

at which the crime is alleged to have occurred or from any relative of the Defendant.

    3.  All physical evidence recovered from this Defendant or from the victim.

    4.  All photographs taken in regard to the alleged crime.

    5.  All other physical evidence relating in any way to the alleged crime.

    6.  All latent print cards, photographs, and other print recording data lifted and/or recorded from any source in regard to this case.

    7.  All fingerprints and palm print cards taken by the State of Georgia.

    8.  All photographs shown to any person or persons for purposes of identification of a perpetrator of the alleged crime.

    9.  All handwriting samples of the Defendant in the custody of the State that has been examined and used as evidence in the case.

    10.  Any tissue or other evidence of the autopsy, what it is, the location of said evidence, and access to the evidence.

    11.  The request for inspection, examination and testing of the specific items set out above is essential to insure the Defendant his right to a fair hearing, his right to confrontation, his right to prepare a defense in his own behalf, his right to effective counsel, and due process of law guaranteed by the

Fifth, sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia Constitution as well as those rights now herein enumerated including rights provided by case law.

WHEREFORE, Defendant prays:

(a)  That the District Attorney be Ordered to produce all items of physical evidence described herein and to allow Defendant's experts the right to examine, inspect, conduct scientific tests, and photograph said items at a specific time and place to be fixed by the Court.

(b)  That the time set for inspection, testing and photographing of the items requested by Defendant's experts, be at a reasonable time in advance of trial.

(c)  That the Court enter an Order requiring the District Attorney's office to make continuing disclosure of all additional items of physical evidence obtained by the State concerning the charges against the Defendant.

(d)  That the Court set this Motion down for an evidentiary hearing.

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

#19

FILED IN OFFICE

1990 APR 30 PM 12: 54

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

### GEORGIA

STATE OF GEORGIA          )
                          )
        -v-               )     INDICTMENT NUMBER:   089-2467-H
                          )
TROY ANTHONY DAVIS        )
— — — — — — — — — — — — )

### MOTION FOR COPY OF DEFENDANT's STATEMENTS

Now comes the Defendant, by and through his counsel, and files this, his Motion as above captioned and respectfully moves the Court as follows:

1.  That pursuant to O.C.G.A. §17-7-210, the Defendant is entitled to have a copy of any statements, either made orally or in writing, reduced to writing and delivered to defense counsel at least ten (10) days prior to the date of trial.

WHEREFORE, DEFENDANT PRAYS:

(a)  That all such statements allegedly made by him in conjunction with the above stated indictment be delivered to his attorney at least ten (10) days prior to the trial of said case; and

(b)  In the event that the prosecution does not comply,

ENTERED-V.G.B   APR 30 1990

134

any such statements shall be excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal.

THIS $\underline{27}$ day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number:  254800

Robert E. Barker
State Bar Number:  0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

135

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

136

FILED IN OFFICE

1990 APR 30 PM 12: 54

_R. Sahrech_
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA )
)
   -v- )   INDICTMENT NUMBER: 089-2467-H
)
TROY ANTHONY DAVIS )
)

- - - - - - - - - - - - )

## MOTION FOR PRETRIAL DISCLOSURE OF EVIDENCE OF
## INDEPENDENT AND SEPARATE OFFENSES, WRONGS, OR ACTS

The above named Defendant moves the Court to Order the pro-
secution to disclose pretrial all evidence of independent and
separate offenses, wrongs or acts which the prosecution may attempt
to introduce at trial to show motive, opportunity, intent, prepa-
ration, plan, knowledge, identity or absence of mistake or accident
regarding the Defendant's actions or conduct.

This request encompasses all crimes, wrongs or acts not
enumerated in the indictment.

WHEREFORE, Defendant prays that this Motion be granted and
disclosure be ordered immediately.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

ENTERED-VGB  APR 30 1990

(3)

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 2T4 day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

FILED IN OFFICE

1990 APR 30  PM 12: 54

*[signature]*
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY,

GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| -v- | ) |
| | ) |
| TROY ANTHONY DAVIS | ) |

INDICTMENT NUMBER:  089-2467-H

## MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANT

Now comes the Defendant above named, by and through his attorney, ROBERT E. FALLIGANT, JR., and moves this Court, pursuant to due process clause of the Fourteenth Amendment of the Constitution of the United States, for disclosure to the defense of the name, address, occupation and previous criminal record of the informant listed in the affidavit for the search warrant used in connection with the above styled case.

THIS *27* day of April, 1990

*[signature]*
Robert E. Falligant, Jr.
State Bar Number: 254800

*[signature]*
Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412
(912) 236-2774

ENTERED-V G B    APR 3 0 1990

139

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

140

#23

FILED IN OFFICE

1990 APR 30 PM 12: 54

*R. Debreck*

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
     -v-                  )     INDICTMENT NUMBER:   089-2467-H
                          )
TROY ANTHONY DAVIS        )
                          )
- - - - - - - - - - - - -

MOTION FOR THE STATE TO INFORM THE DEFENSE AS TO
WHAT EVIDENCE AND THE PERSONS WHO TESTIFIED AT
THE GRAND JURY
_____

Comes now the Defendant, TROY ANTHONY DAVIS, and shows the

Court the following:

1.  That the Defendant has been indicted for murder and the

State has announced it intends to seek the death penalty.

2.  To afford the Defen-ant due process of law pursuant to

the Fifth, Sixth, Eighth and Fourteenth Amendments of the United

States Constitution and Article 1, Section 1, Paragraphs 1, 2,

14 and 17 of the 1983 Georgia Constitution, it is imperative that

he receive from the District Attorney the nature and content of

any and all evidence submitted to the Grand Jury in the form of

tangible evidence as well as testimony and the names and con-

tent of the testimony of each witness who testified before the

Grand Jury.

WHEREFORE, the Defendant respectfully moves the Court to

issue an Order directing that the State supply the Defense the

ENTERED-V G B     APR 3 0 1990

141

nature and content of any and all evidence submitted to the Grand Jury in the form of tangible evidence as well as testimony and the names and content of the testimony of each witness who testified.

    this _27_ day of April, 1990.

                              Robert E. Falligant, Jr.
                              State Bar Number: 254800

                              Robert E. Barker
                              State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

>       Mr. Spencer Lawton, Jr.
>       District Attorney
>       Eastern Judicial Circuit of Georgia
>       Chatham County Courthouse
>       133 MOntgomery Street
>       Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

143

#24

FILED IN OFFICE

1990 APR 30 PM 12: 54

_____
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
     -v-                  )   INDICTMENT NUMBER:   089-2467-H
                          )
TROY ANTHONY DAVIS        )
_ _ _ _ _ _ _ _ _ _ _)

## MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

     The Defendant respectfully moves this Court for entry of an Order directing the State to investigate and disclose all of the following within the possession, custody, control, or the existence of which is known or by the exercise of due diligence could become known to the State:

     1. Any and all consideration or promises of consideration given to or made on behalf of government witnesses. By "consideration" Defendant refers to absolutely anything of value or use, including but not limited to immunity grants, witness fees, special witness fees, transportation assistance, assistance to members of witness' family or associates of witness, assistance or favorable treatment with respect to any criminal, civil, or administrative dispute with the State or the United States, and anything else which could arguably create an interest or bias in

ENTERED-V G B    APR 3 0 1990

144

the witness in favor of the State or against the Defendant or acts as an inducement to testify or to color testimony;

2.   Any and all prosecutions, investigations or possible prosecutions pending or which could be brought against the witness and any probationary, parole or deferred prosecution status of the witness;

3.   Any and all records and information revealing felony convictions attributed to this witness;

4.   Any and all records and information showing prior mis-conduct or bad acts committed by the witness; and

5.   Any and all personnel files for the witness.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS _27th_ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

146

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

147

FILED IN OFFICE

1990 APR 30  PM 12: 54

~R. R. Lehresk~
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
       -v-                )     INDICTMENT NUMBER:  089-2467-H
                          )
TROY ANTHONY DAVIS        )
_ _ _ _ _ _ _ _ _ _ _ _ _ )

### MOTION TO PRESERVE EVIDENCE

The above named Defendant moves the Court to order the
prosecution and all law enforcement agencies involved in the
investigation of this case to perserve and keep intact any
investigative reports (including rough drafts), witness
statements, documents, papers, rough notes (interview, sur-
veillance, or otherwise), tapes, objects, contraband, con-
trolled substances, or other physical evidence which is in
their possession, custody or control, or through the exercise
of due diligence could be so possessed or controlled.

WHEREFORE, Defendant prays that the Court order the
relief requested herein.

Robert E. Falligant, Jr.            Robert E. Barker
State Bar Number: 254800            State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774                  ENTERED-V.G.B    APR 30 1990

148

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS _2TH_ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

149

FILED IN OFFICE

1990 APR 30  PM 12: 55

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA        )
                        )
    -v-                 )    INDICTMENT NUMBER:   089-2467-H
                        )
TROY ANTHONY DAVIS      )
                        )
-  -  -  -  -  -  -  -  -  -  -  -

## MOTION FOR DISCLOSURE OF DESTROYED EVIDENCE

Comes now the Defendant and respectfully moves this Court for entry
of an Order directing the State to investigate and disclose to the
defense whether any evidence in the possession, custody and control
or in existence of the State in reference to the charges against
Defendant have ever been lost or destroyed since the date of the
alleged crimes.

1.  For the Defendant to receive a fair trial and due
process pursuant to the Fifth, Sixth, Eighth and Fourteenth
Amendments to the United States Constitution and Article 1,
Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia
Constitution, it is critical that he be informed, if in fact
evidence in the case has been lost or destroyed by the State.

WHEREFORE, Defendant moves the Court to issue an Order

ENTERED-V G B    APR 30 1990

150

directing that the State reveal to the defense if in fact evidence has been lost or destroyed.

THIS 27 day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

151

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

152

#27

FILED IN OFFICE

1990 APR 30 PM 12: 55

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
     -v-                  )     INDICTMENT NUMBER:   089-2467-H
                          )
TROY ANTHONY DAVIS        )
                          )
_ _ _ _ _ _ _ _ _ _ _ _ _ )

## MOTION FOR A COPY OF THE GRAND JURY MINUTES

Now comes Defendant, by counsel, and respectfully moves this Court for a copy of the Grand Jury minutes.  In support thereof, Defendant shows the following:

1.  The Defendant's rights to due process, effective assistance of counsel, and freedom from cruel and unusual punishment, guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and by Article 1, Section 1, Paragraphs 1, 14 and 17 of the Georgia Constitution, as well as the right to cross examine witnesses under the Sixth Amendment to the United States Constitution, require that he be allowed to examine the Grand Jury testimony to prepare his defense.

2.  The Defendant has the right to examine the testimony of

ENTERED-VGB    APR 30 1990

the State's witnesses who testified to details of the circum-
stances which allegedly connect the Defendant to the crimes
charged. The particularized need for this examination by the
Defendant's counse is to prepare the Defendant's defense, to
prepare for the impeachment of witnesses, and to test the
credibility of the witnesses at trial.

WHEREFORE, Defendant prays that this Honorable Court
grant this Motion.

THIS 27 day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

154

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

155

FILED IN OFFICE
TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

1990 APR 30 PM 12:55

_R. Lohresh_

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA
COUNTY OF CHATHAM

THE STATE OF GEORGIA                  )
                                      )
                                      )  INDICTMENT NUMBER
    VS.                               )  089-2467-H
                                      )
TROY ANTHONY DAVIS                    )

## MOTION TO BE APPRISED OF WHICH STATUTORY AGGRAVATING CIRCUMSTANCES THE STATE WILL RELY ON

Defendant having been advised by the State that the State will seek the Death Penalty, moves that he be advised what aggravating circumstances the State will contend supports the Death Penalty. Defendant requests this information at arraignment. The due process clauses of the Georgia Constitution of 1983, Fourteenth Amendment require that such information be timely furnished so that counsel can effectively prepare their case.

Respectfully submitted this 27 day of April, 1990

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

ENTERED-V G B   APR 30 1990

156

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

151

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA OFFICE

STATE OF GEORGIA
COUNTY OF CHATHAM

1990 APR 30 PM 12: 55

_R. B. Schreck_
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

THE STATE OF GEORGIA )
)
) INDICTMENT NUMBER
VS. ) 089-2467-H
)
TROY ANTHONY DAVIS )

## MOTION FOR PRELIMINARY HEARING

NOW COMES, The Defendant in the above styled case and files this his Motion for Preliminary Hearing and for grounds therefor shows as follows:

1. That Defendant was indicted by the Grand Jury of Chatham County, Georgia during the September term 1989 in a Five Count Indictment.

2. Count Four of the Indictment charges Defendant with the crime of Aggravated Assault committed on or about August 18, 1989 upon the person of Michael Cooper with a deadly weapon to wit a pistol by shooting Michael Cooper in the face.

3. At no time prior heretofor nor at the present has the Defendant ever been afforded the opportunity to confront his accusers nor has he been fully informed as to the circumstances surrounding the alleged crime for which he has been charged in Count Four of the Indictment.

4. It is necessary that the Defendant and the Defendant's attorney have certain information as to the

ENTERED-VGB   APR 30 1990

152

crime allegedly committed in order to properly prepare a defense in said case. That without said information and without a preliminary hearing, neither the Defendant nor the Defendant's attorney, can in any respect prepare a defense for the Defendant and the Defendant will be prejudiced thereby.

5. There is no possible way whatsoever for the Defendant to have a fair trial or prepare a proper defense without a preliminary hearing being granted.

6. There has never been a proper determination of probable cause to determine if the Defendant was involved in the alleged crime.

WHEREFORE, Defendant prays that the District Attorney for the Eastern Judicial Circuit of Georgia show cause why a preliminary hearing should not be granted in said case and upon the hearing thereof, that this Court Order the District Attorney for the Eastern Judicial Circuit of Georgia provide the Defendant with a preliminary hearing in this matter.

This 27 day of April, 1990.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA    31412
(912) 236-2774

159

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing

counsel with a copy of the foregoing document by depositing

same in the United States Postal Service to be delivered to

the address listed below:

                    Mr. Spencer Lawton, Jr.
                    District Attorney
                    Eastern Judicial Circuit of Georgia
                    Chatham County Courthouse
                    133 MOntgomery Street
                    Savannah, Georgia 31499

THIS 21 day of April, 1990.


                                   Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

FILED IN OFFICE

DEP CLK SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA

VS

TROY ANTHONY DAVIS

)
)
)
)
)

INDICTMENT NO. 089-2467-H

## DEFENSE MOTION NO. 29

## MOTION FOR PRELIMINARY HEARING

DEFENSE MOTION FOR PRELIMINARY HEARING IS DENIED.
DEFENDANT WAS INDICTED BY THE GRAND JURY AND DEFENDANT IS NOT
ENTITLED TO A PRELIMINARY HEARING.

SO ORDERED, THIS 12 DAY OF OCTOBER, 1990.

JAMES W. HEAD, JUDGE
SUPERIOR COURT E.J.C., GEORGIA

ENTERED-VGB   OCT 15 1990

161

FILED IN OFFICE

1990 APR 30 PM 12: 55

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| -v- | ) INDICTMENT NUMBER:   089-2467-H |
| | ) |
| TROY ANTHONY DAVIS | ) |
| | ) |

## MOTION FOR COPIES

Comes now the Defendant, TROY ANTHONY DAVIS, in the above styled matter and files this Motion for Copies of all physical evidence the State may seek to introduce into evidence, have examined by and testified to by an expert, referred to in their case-in-chief and/or the penalty phase of the trial.  To include but not limited to the following:

1.  Any tapes, records or dictated statements of any Defendant or witness. If the statement is on a video or audiotape, a true and accurate copy of such tape in its entirety.  To include but not be limited to, any interrogation of the Defendant and/or witness, both in this State or by any other law enforcement agency, investigating or seeking to elicit statements from the Defendant, or any witness in the case at bar.

2.  Any video taped record of the crime scene, autopsy or any evidence seized, examined or investigated.

ENTERED-VG 8    APR 3 0 1990

162

3.   Any photographs, both black and colored, of the body of the deceased, the Defendant or witness, any photographic spread shown to any witness, whether or not same could be identified or was not identified and any photographs of any evidence investigated by, seized by the State, which the State may or may not seek to introduce in the trial of the Defendant and any other physical evidence and scientific reports not specifically referred to above for any State agencies, or any local district thereof filed.

Defendant seeks the above copies at the earliest possible date so that same can be examined by his experts and so that he will have his right to fair trial, effective assistance of counsel, equal protection and due process of law as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia Constitution.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

164

FILED IN OFFICE

1990 APR 30  PM 12: 56

_R. Ochech_

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE  SUPERIOR  COURT  OF  CHATHAM  COUNTY

GEORGIA

STATE OF GEORGIA           )
                           )
      -v-                  )     INDICTMENT NUMBER:   089-2467-H
                           )
TROY ANTHONY DAVIS         )
_ _ _ _ _ _ _ _ _ _ _ _ _ _)

## MOTION  TO  REVEAL  THE  DEAL

Now comes Defendant in the above styled action and moves
the Court for an Order requiring the District Attorney to
respond in writing and inform or reveal to Defendant any
agreement, deal or consideration, either past or present
deals or considerations entered into between any and all
prosecution witnesses and the State of Georgia, including
but not limited to the District Attorney's office and the
Sheriff's office and/or between such witness and any other
law enforcement agency of this or any other State which could
conceivably influence or affect the witnesses' credibility or
testimony in the above styled action.

Defendant makes this Motion on the following grounds:

1.  That the credibility of the testimony of the witnesses
in this action will be an important issue and the eviddnce of

ENTERED-V G B     APR 3 0 1990

165

any understandings, agreements, deals or other consideration will be relevant to such witness' credibility and the trial jury is entitled to know of such information.

2. That Defendant is entitled to the aforesaid information under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Georgia Constitution; Giglio -v- United States, 405 U.S. 150, 153; 93 S.Ct. 763, 766; 31 L.Ed.2d 104; and Allen -v- State, 128 Ga. App. 361, 196 SE2d 660.

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

Robert E. Barker
State Bar Number: 0037700

166

CERTIFICATE OF SERVICE


THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

>       Mr. Spencer Lawton, Jr.
>       District Attorney
>       Eastern Judicial Circuit of Georgia
>       Chatham County Courthouse
>       133 MOntgomery Street
>       Savannah, Georgia 31499

THIS 27*4 day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

161

#32

FILED IN OFFICE

1990 APR 30  PM 12: 57

R. Cheek

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA          )
                          )
    -v-                   )    INDICTMENT NUMBER:   089-2467-H
                          )
TROY ANTHONY DAVIS        )
— — — — — — — — — — — — )

## MOTION FOR CRIMINAL RECORD AND PENDING CHAGES OF ALL STATE's WITNESSES

NOW COMES the Defendant, accused, and moves that the State provide the criminal record and pending charges of all State's witnesses and shows the Court the following:

1.  The criminal record and pending charges of State's witnesses are an essential element in confrontation of witnesses, not only in impeachment, but it illustrates their interest, bias, credibility and other reasons.

2.  The office of District Attorney has or can obtain this information, which is exculpatory.

3.  The accused does not have access to this information.

WHEREFORE, the accused requests this Honorable Court to direct the State to provide this information, at least five

ENTERED-VGB.   APR 30 1990

(5) days before trial.

THIS $\underline{27}$ day of April, 1990.


Robert E. Falligant, Jr.
State Bar Number: 254800

Robert E. Barker
State Bar Number: 0037700

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

170

FILED IN OFFICE

1990 APR 30 PM 12: 57

R. Oehreah

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

IN THE SUPERIOR COURT OF CHATHAM COUNTY

GEORGIA

STATE OF GEORGIA        )
                        )
    -v-                 )    INDICTMENT NUMBER:   089-2467-H
                        )
TROY ANTHONY DAVIS      )
                        )
- - - - - - - - - - - - )

## NOTICE TO PRODUCE

TO:   SPENCER LAWTON, JR., District Attorney


        YOU ARE HEREBY NOTIFIED to produce and have upon the
trial of the above styled case and at all hearings on said
case and from time to time, and term to term, hereafter
until said case is finally concluded the following documents,
records and papers:

        1.   Copies of all reports and memoranda connected with
said charges against the named Defendant.

        2.   All written statements of witnesses in the possession
of the prosecutor relating to the charges against the named
Defendant in the above styled indictment.

        3.   Names, addresses and telephone numbers and whereabouts

ENTERED-VGB      APR 30 1990

171

of all witnesses to be called by the State in the trial of the named Defendant.

4. Statements of all persons including memoranda, summaries or recording of such statements of any persons, made to any law enforcement officer or the investigative staff of any prosecutor in any way connected with the above styled case.

5. All memoranda, documents and reports of all law enforcement officers connected with subject matter of the indictment referred to above as well as the same of the investigative staff of all prosecutors.

6. Names and addresses of all persons who may have some knowledge or facts of the present case in addition to names and addresses given to the attorney for the named Defendant.

7. The criminal records and any list or summary reflecting criminal records of all persons whom the State intends to call as a witness in the trial of the named Defendant.

8. All written or recorded statements and all summaries or memoranda of any oral or written statements made by the named Defendant.

9. Results of all reports of any scientific tests or experiements or studies made in connection with the above styled case and all copies of such reports.

10. All records of the District Attorney of the Circuit showing or tneding to show how the persons named on the jury panels sent to the Courtroom for the trial of the named Defendant have voted in the past on civil and criminal cases.

11. All diagrams, sketches and pictures which have been made by or shown to any witness or prospective witness in the above styled case.

12. The transcript, minutes, and record of the Grand Jury proceeding in connection with the return of the above-styled indictment.

13. A detailed description of all physical items other than documents and pictures which the prosecutor anticipates using in the trial of the named Defendant and the exact place where and under whose custody such items are being held.

This Notice to Produce is brought pursuant to O.C.G.A. §24-10-22 and §24-10-26 as it is made applicable to criminal cases by O.C.G.A. §24-10-29.

THIS 27 day of April, 1990.

Robert E. Falligant, Jr.
State Bar Number: 254800

Post Office box 9236
Savannah, Georgia 31412

(912) 236-2774

Robert E. Barker
State Bar Number 0037700

173

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

>Mr. Spencer Lawton, Jr.
>District Attorney
>Eastern Judicial Circuit of Georgia
>Chatham County Courthouse
>133 MOntgomery Street
>Savannah, Georgia 31499

THIS 27th day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

174

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA FILED IN OFFICE

STATE OF GEORGIA
COUNTY OF CHATHAM

1990 APR 30  PM 12: 57

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

THE STATE OF GEORGIA                    )
                                        )
                                        )  INDICTMENT NUMBER
  VS.                                   )  089-2467-H
                                        )
TROY ANTHONY DAVIS                      )

MOTION TO EXCLUDE THE DEATH PENALTY ON ACCOUNT OF THE
ARBITRARY USE OF PROSECUTORIAL DISCRETION IN THE ABSENSE OF
STANDARDS IN REQUESTING THE DEATH PENALTY

COMES NOW, The Defendant, and files this his Motion to Exclude Consideration of the Death Penalty by the Jury as a form of punishment pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 1, Paragraphs 1, 2, 14 and 17 of the 1983 Constitution of the State of Georgia, as grounds therefore show as follows:

1. Defendant shows that the State has filed a Notice of its intention to seek the Death Penalty in the event of a conviction.

2. Defendant shows that the decision to request the Death Penalty is both arbitrary and capricious use of the prosecutorial indiscretion made without reference to any standards, guidelines, comparison or records in the facts of this case which would distinguish it from cases in which the Death Penalty has not been sought.

3. The Supreme Court of the United States has

ENTERED-V G.2   APR 30 1990

emphasized the "[d]eath, in it finality", is a unique penalty in our society, "qualitiative[ly] differen[t]" from all other forms of punishment. Woodson v. North Carolina, 428 U.S. 280, 305 (1976). "Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case," Id. : see also Gardner v. Florida, 430 U.S. 349, 357-58 (1977); Lockett v. Ohio, 438 U.S. 586, 604 (1973); Beck v. Alabama, 447 U.S. 625, 637-38 (1980); Eddings v. Oklahoma, 455 U.S. 104, 188 (1982) (O'Conner, J., concurring). Absent a rational distinction between this case and those where the Death Penalty has not been actively pursued, to impose a Death Sentence upon the Defendant would constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and punishment without due process of law as prescribed by the Fourteenth Amendment to the United States Constitution.

4.   There is no statutory or constitutional authority permitting the District Attorney or his repsesentatives from exercising prosecutorial discretion in determining which cases the Death Penalty will be sought and which cases it will not. Because of the absense of any statutory or constitutional authority or any ascertainable standard the decision making process regarding seeking the Death Penalty is both arbitrary and capricious and violative of the Equal Protection and Due Process Clauses of the Constitution of the United States and the Constitution of

the State of Georgia of 1983.

5.   To   impose   a Death Sentence upon this Defendant in the event of a conviction would constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and punishment without due process of law as prescribed by the Fourteenth Amendment to the United States Constitution.

6   The Defendant respectfully request that this Court hold a hearing to take evidence to prove arbitrary and capricious exercise of the discretion by the State and the selection of a plea bargaining processor in Capital Cases generally and in this case specifically.

WHEREFORE, The Defendant moves this Court for an Order excluding the Death Penalty as a possible sanction in this case or, in the alternative, granting permission for the Defendant to present evidence on this his Motion.

Respectfully submitted this 2nd day of April, 1990.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA   31412

(912) 236-2774

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

>       Mr. Spencer Lawton, Jr.
>       District Attorney
>       Eastern Judicial Circuit of Georgia
>       Chatham County Courthouse
>       133 MOntgomery Street
>       Savannah, Georgia 31499

THIS ___1___ day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

178

#35

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

FILED IN OFFICE

2003 APR 30 PM 12: 57

_R. R. Dehresp_
CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA
COUNTY OF CHATHAM

THE STATE OF GEORGIA          )
                             )
                             )  INDICTMENT NUMBER
     VS.                     )  089-2467-H
                             )
TROY ANTHONY DAVIS           )
                             )

MOTION TO STRIKE AND QUASH AS UNCONSTITUTIONAL O.C.G.A
15-12-164 (a) (4) and O.C.G.A. 15-12-164 (c)

NOW COMES, the Defendant, Troy Anthony Davis, in the above captioned case and shows this Court the following:

1.   That he is charged with the offense of murder.

2.   That the District Attorney has advised the Defendant, by written notice, he will seek the Death Penalty.

3.   That if the State seeks the Death Penalty, Section 15-2-164 (a) (4), O.C.G.A. and Section 15-12-164 (c), O.C.G.A., will be relied upon by the Court in qualifying the jurors summoned for jury duty in said trial.

4.   That in addition to the grounds set out in Defendant's Motion to Strike and Quash as Unconstitutional these sections Defendant shows that statute should be quashed and held unconstitutional under the First and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 1, Paragraphs 3 and 4 of the 1983 Georgia Constitution in that it violates the constitutional prohibition against denying the citizens of this state freedom of conscience and religious opinions as

179          ENTERED-V 3 3   APR    2003

follows:

A.

" 15-12-164, O.C.G.A. Questions on voir dire; setting aside juror for cause.

"(a) On Voir dire examination in a felony trial, the jurors shall be asked the following questions:...

... (4) Are you conscientiously opposed to capital punishment?" If the juror answers this question in the negative he shall be held to be competent juror. ...

... (c) If a juror answers any of the questions set out in subsection (a) of the Code Section so as to render him incompetent if he is found to be so by the Judge he shall be set aside for cause." (cites to Georgia Laws and the unofficial Georgia Code Annotated, Harrison omitted).

B.

Georgia Constitution of 1983:

"Paragraph III. Freedom of conscience.

Each person has the natural and inalienable right to worship God, each according to the dictates of that person's own conscience; and no human authority should, in any case, control or interfere with such right of conscience ;" (Emph. added)

No inhabitant of this State shall be molested in person or property or be prohibited from holding any public office or trust on account of religious opinions ; but the right of freedom of religion shall not be so construed as to excuse acts of licentiousness or justify practices inconsistent with the peace and safety of the state". (Emph.

added)

Constitution of the United States, Bill of Rights:
First Amendment

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and petition the Government for a redress of grievances."

Due Process Clause of Fourteenth Amendment

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Defendant contends O.C.G.A. 15-12-164 (a) (4) is unconstitutional on its face, in that it disqualifies persons from jury service (either directly or vis a vis Witherspoon , or indirectly vis a vis state preemptory strikes). The "conscientiously opposed" inquiry improperly permits the State an opportunity to ascertain which veniremen have some reservations concerning the imposition of capital punishment even though clearly under Paragraphs 3 and 4, as set out above of the Georgia Constitution no juror

can be excused (public trust) for such beliefs. It is well-settled that a juror cannot be excused for mere general scruples or opposition to the Death Penalty. Even Justice Rehnquist concedes that point in Lockhart v. McCree (39 Cr.L. 3085, 1986). If this Court or any court places itself in the position of removing any part of this Defendant's perrage by an arbitrary and capricious inquiry as to their religious convictions or conscience, the constitutional right to let people not judges sit on juries has evaporated. In the twenthieth century, one would hope every citizen would oppose the Death Penalty, a true relic of the past. To exclude people from juries becase they are learned, elightened, Christian - "thou shalt not kill", is to return our society to the dark ages, surely not the intention of the founding fathers of our nation or state. Let society benefit from our religious, conscientious, technological, literary and educational advances. To exclude a juror, or even identify a juror as to his conscientious or religious objections to the Death Penalty is clearly unconstitutional in this State and Nation.

Thus, O.C.G.A. 15-12-164 (a) (4) offers the opportunity to present a question which is probative of an irrelevant state of mind, that being whether the juror has conscientious or religious reservations about the Death Penalty. O.C.G.A. 15-12-164 is unconstitutional as it fails to promulgate a standard for eliminating those venirement who would impose capital punishment under any factual situation where a homicide is involved, and not only where

the Death Sentence is deemed appropriate because of the existence of aggravating circumstances as required by O.C.G.A. 17-10-30 ("reverse- <u>Witherspoon</u> jurors). Therefore, the language of the code section is unconstitutional as it: (1) instructs the Court to excuse for cause jurors who cannot constitutionally be so excused; and (2) enables the State to use prospective jurors contrary to the State and Federal Constitutions.

WHEREFORE, Defendant prays that he be allowed to present evidence in support of each and every allegation included in this his Motion and that this Court quash and hold unconstitutional O.C.G.A. 15-12-164 (a) (4) and O.C.G.A. 15-12-164 (c).

Respectfully submitted this _30_ day of April, 1990.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

P.O. Box 9236
Savannah, GA   31412
(912) 236-2774

## CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

> Mr. Spencer Lawton, Jr.
> District Attorney
> Eastern Judicial Circuit of Georgia
> Chatham County Courthouse
> 133 MOntgomery Street
> Savannah, Georgia 31499

THIS 27th day of April, 1990.

_____
Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

184

#36

TO THE SUPERIOR COURT OF CHATHAM COUNTY GEORGIA

FILED IN OFFICE

1990 APR 30  PM 12: 57

_R. R. Lebresh_

CLERK, SUPERIOR CT.
CHATHAM COUNTY, GA

STATE OF GEORGIA
COUNTY OF CHATHAM

THE STATE OF GEORGIA                    )
                                        )
                                        ) INDICTMENT NUMBER
   VS.                                  ) 089-2467-H
                                        )
TROY ANTHONY DAVIS                      )

## MOTION TO STRIKE AND QUASH AS UNCONSTITUTIONAL THE GEORGIA STATUTES PROVIDING FOR THE IMPOSITION OF THE DEATH PENALTY AND THEIR APPLICATION TO THIS CASE

COMES NOW, Troy Anthony Davis, Defendant, by and through his undersigned attorney and shows this Court the following:

1.  That he is charged with murder in the above-numbered indictment and the State of Georgia, acting by and through the District Attorney, has given him written notice that it will request that the Death Penalty be imposed in this case in the event that he is convicted and may rely on Georgia Laws 1973, pp. 159, 163 (O.C.G.A. 17-10-30).

2.  That said statute should be quashed and held unconstitutional in that it is applied in a way that violates the constitutional prohibition against the use of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment to the Constitution of the United States and the rule of law espoused and mandated in Furman v. Georgia , 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726 (1972).

3.   Georgia Laws 1973, pp. 159, 163 (O.C.G.A. 17-10-30) is discretionary and is applied discriminatorily against certain classes of Defendants in violation of the due process and equal protection clauses of Article I, Section I, Paragraph I (Ga. Code Ann., ss 2-101) and Article I, Section II, Paragraph III (Ga. Code Ann., ss 2-203) of the 1983 Georgia Constitution and the Fourteenth Amendment to the United States Constitution.

4.   The application of Georgia Laws 1973, pp. 159, 163 (O.C.G.A. 17-10-30) has been unreasonable, arbitrary and capricious because of the lack of definition and direction of application of "mitigating circumstances" resulting in the arbitrary application of the Death Penalty, in violation of the equal protection clause of Article I, Section II, Paragraph III of the 1983 Georgia Constitution (Ga. Code Ann., ss 2-203) and the Fourteenth Amendment to the United States Constitution.

5.   The categories of aggravating circumstances in Georgia Laws 1973, pp. 159, 163 (O.C.G.A. 17-10-30) are applied in an unreasonbale and arbitrary manner in violation of the equal protection clause of Article I, Section II, Paragraph III of the 1983 Georgia Constitution (Ga. Code Ann., ss 2-203) and the Fourteenth Amendment to the United States Constitution.

6.   Georgia Laws 1974, pp. 352, 353 (O.C.G.A. 17-10-30) allows the jury subjective discretion in applying the Death Penalty in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

7.    Georgia  Laws  1973,  pp.  159,  165  (O.C.G.A.
17-10-30),  provides  for the collection of data on sentences
imposed  in  capital  felony  cases after January 1, 1970, for
purposes  of  reviewing  Death  Sentences as  excessive,
disproportionate  or arbitrary.  This statutory check against
the  arbitrary  and  discriminatory  application of the Death
Penalty  is  not  being  complied with,  thereby  depriving
Defendants  sentenced  to  death  of an effective or adequate
review of their sentence in violation of due process of law.

8.    Georgia  Laws  1973,  pp.  159,  163  (O.C.G.A.
17-10-30)  is  applied  arbitrarily  and  discriminatorily
against  certain  classes  of  defendants in violation of the
due  process  and  equal  protection  clauses  of Article I,
Section  I,  Paragraph  I,  (Ga.  Code  Ann.,  ss  2-101) and
Article  I,  Section  II,  Paragraph  III  (Ga. Code Ann., ss
2-203)  of  the  1983 Georgia  Constitution  and  Fourteenth
Amendment  to  the  United  States  Constitution, in that the
Georgia  Supreme  Court  compares death cases only with those
cases  in  which  a  death  sentence has been received and in
which it has upheld that death sentence.

9.    Georgia  Laws  1973,  pp.  159,  163  (O.C.G.A.
17-10-30)  is  applied  aribtrarily  and  discriminatorily
against  certain classes of defendant in violation of the due
process  and  equal  protection clauses of Article I, Section
I,  Paragraph  I (G.Code Ann ss 2-101) and Article I, Section
II,  Paragraph  III  (Ga.  Code  Ann.,  ss 2-101) of the 1976
Georgia  Constitution  and  the  Fourteenth  Amendment to the
United States Constitution, and in violation of the

United States Supreme Court's mandate in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 50 L.Ed.2d 158 (1976) in that the Georgia Supreme Court does not submit written findings comparing cases in which it reviews death sentences with similar cases, but merely lists other cases and states that it has made the required comparison. Such a procedure prohibits a defendant from challenging the affirmation of (his/her) death sentence as arbitrary and discriminatory, because the defendant is given no notice as to which permissible factors the Court has used in such comparison.

WHEREFORE, Defendant prays that:

A. He be given an opportunity to present evidence in support of each and every allegation in this Motion;

B. That this Court quash and hold unconstitutional the Georgia Laws allowing the imposition of the death penalty; and

C. That this Court grant such further relief as may be just and proper.

Respectfully submitted this _30_ day of April, 1990.

FALLIGANT & TOPOREK

Robert E. Falligant, Jr.,
Attorney for Defendant
State Bar No. 254800

Robert E. Barker
State Bar Number 037700

188

CERTIFICATE OF SERVICE

THIS will certify that I have this date served opposing counsel with a copy of the foregoing document by depositing same in the United States Postal Service to be delivered to the address listed below:

Mr. Spencer Lawton, Jr.
District Attorney
Eastern Judicial Circuit of Georgia
Chatham County Courthouse
133 MOntgomery Street
Savannah, Georgia 31499

THIS 27'4 day of April, 1990.

Robert E. Falligant, Jr.

Post Office Box 9236
Savannah, Georgia 31412

(912) 236-2774

189

ENTERED-VGB   OCT 18 19

FILED IN OFFICE

OCT 18 1990

Dep. Clerk, Superior Court
CHATHAM COUNTY, GA.

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

STATE OF GEORGIA )
          VS )        INDICTMENT NO. 089-2467-H
TROY ANTHONY DAVIS, )
     DEFENDANT )

## DEFENSE MOTION NO. 36
## MOTION AS TO UNCONSTITUTIONALITY OF THE GEORGIA STATUTES PROVIDING FOR THE IMPOSITION OF THE DEATH PENALTY AND THEIR APPLICATION TO THIS CASE

AFTER NOTICE AND HEARING THE COURT RULES ON SAID MOTION AS FOLLOWS:

THE DEFENSE MOTION NO. 36 TO STRIKE AND QUASH AS UNCONSTITUTIONAL THE GEORGIA STATUTES PROVIDING FOR THE IMPOSITION OF THE DEATH PENALTY AND THEIR APPLICATION TO THIS CASE IS DENIED ON EACH AND EVERY GROUND ASSERTED THEREIN.

THE ACTS DO NOT VIOLATE THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

THE ACTS ARE NOT DISCRIMINATORY AGAINST A CLASS OF CITIZENS AND THERE IS NO EVIDENCE TO SUPPORT THE ALLEGATION AND THERE IS NO STATE OR FEDERAL CONSTITUTIONAL VIOLATION AS ALLEGED IN SAID MOTION NOR HAS THERE BEEN AN UNREASONABLE, ARBITRARY AND CAPRICIOUS APPLICATION OF THE DEATH PENALTY WHICH VIOLATES ANY CLAUSE OF THE STATE OR FEDERAL CONSTITUTION OR ANY ACT OF THE GENERAL ASSEMBLY ENACTED THEREUNDER.

SO ORDERED, THIS 18 DAY OF OCTOBER, 1990.

_____
JAMES W. HEAD, JUDGE
SUPERIOR COURT E.J.C., GEORGIA

190