IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

2009 NOV 25 PM 1:23

IN RE TROY ANTHONY DAVIS ) CASE NO. CV409-130

# ORDER

Before the Court is Respondent's Motion for Discovery. (Doc. 22.) Therein, Respondent asks this Court to order the discovery of information "presented on behalf of Petitioner during the clemency proceeding." (Id. at 12.) However, these documents are state secrets, O.C.G.A. § 42-9-53, and there is a procedure through which Respondent can petition the Georgia Board of Pardons and Paroles ("the Board") to declassify this information. Respondent has not followed this procedure.[1]

Generally, litigants must exhaust available administrative procedures prior to seeking relief in federal court. See, e.g., Woodford v. Ngo, 548 U.S. 81, 88-89 (2006), McKart v. United States, 395 U.S. 185, 193 (1969) ("The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law."). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so

---

[1] The Motion for Discovery is silent on this score, making no mention of an attempt to petition the Board to declassify its information. (Doc. 22.)

as to moot judicial controversies." Parisi v. Davidson, 405 U.S. 34, 37 (1972); see also Robert v. Dep't of Justice, 193 Fed. App'x 8, 9 (2d Cir. 2006) (unpublished) (affirming the denial of a discovery request for lack of exhaustion of administrative procedures).

Here, Respondent must exhaust the Georgia Board of Pardons and Paroles declassification procedures for two reasons. First, it is axiomatic that the Board is in the best position to determine whether to declassify its own documents and should be given a chance to "apply its own expertise" to the question. Id. at 37. Second, if the Board declassifies the documents, a judicial controversy would be mooted. That is, despite the fact that the Board's files are "confidential state secrets," the Eleventh Circuit has directed district courts "not [to] blindly accept the Board's contention that the parole records are confidential." Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006). Should the Board voluntarily declassify the documents, this looming discovery conflict would be mooted.

For these reasons, the Court finds exhaustion doctrine applicable. Accordingly, Respondent's Motion for Discovery is **DENIED IN PART**. Should the Board deny Respondent's request to declassify the documents, the Court will consider the issue at

2

that time.[2]  The Court **RESERVES** ruling on the remainder of the Motion for Discovery to reflect further upon its merits.

SO ORDERED this 25th day of November, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Respondent is **ORDERED** to notify the Court if it intends to pursue this matter with the Board within **five (5) days** of the date of this Order. If Respondent chooses to pursue the matter, it is **DIRECTED** to notify the Court of the Board's decision within **five (5) days** of it being issued.