FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

JUN -8 AM 10: 15

CLERK S. moore
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE TROY ANTHONY DAVIS ) CASE NO. CV409-130

# ORDER

Before the Court is Respondent's Motion in Limine to Exclude Petitioner's Affidavit Evidence. (Doc. 49.) The Motion argues that any affidavits not already in the record should be excluded as inadmissible hearsay or beyond the scope of the Supreme Court's Order. (Id.) Petitioner has filed a response in opposition.[1] (Doc. 54.) The Court considers each of Respondent's arguments in turn.

First, Respondent contends that this evidence is inadmissible hearsay. (Doc. 49 at 2.) While this concern would be relevant in the context of trial, it is of little moment when a reviewing Court passes on the question of actual innocence. Indeed, "the district court is not bound by the rules of admissibility that would govern at trial . . . the emphasis on 'actual innocence' allows the reviewing tribunal also to

---

[1] Petitioner appears to believe that Respondent's allusion to Federal Rule of Civil Procedure 43(c) is an argument that the Rule bars the admission of affidavit evidence. (Doc. 54 at 6.) However, the reference to Rule 43(c) appears to relate to what can be properly considered a part of the record. (See Doc. 49 at 2.) Regardless, it is clear from the face of the Rule that it allows this Court to take evidence through either affidavits or oral testimony. See Fed. R. Civ. P. 43(c). Therefore, the Rule does not operate to exclude this evidence.

consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup v. Delo, 513 U.S. 298, 327-28 (1995); see also Herrera v. Collins, 506 U.S. 390, 418 (1993) (considering affidavits that consist of hearsay). That is, the habeas court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538 (2006) (internal quotations omitted). Therefore, the fact that the affidavits are hearsay is not relevant to their admissibility in this habeas proceeding.[2] Accordingly, this argument is unpersuasive.[3]

Petitioner also contends that the Supreme Court's Order directed this Court to receive only testimony. (Doc. 49 at 3.) Although the Supreme Court instructed this Court to "receive testimony," (id.) Respondent's argument fails because it improperly narrows the meaning of the word testimony. Testimony is defined as "[e]vidence that a competent witness under oath or

---

[2] While the affidavits are admissible, "affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations" and affidavits consisting of hearsay are "particularly suspect." Herrera, 506 U.S. at 417.

[3] The Court further notes that even if hearsay were excludable in this context, it would be premature to issue a blanket order excluding the affidavits. The affidavits, even if hearsay when offered for the truth of the matter asserted, could be offered as impeachment evidence, should their author testify.

affirmation gives at trial or <u>in an affidavit</u> or deposition." <u>Black's Law Dictionary</u> 1514 (8th ed. 2004) (emphasis added). Again, while the credibility of affidavits is often suspect, <u>see supra</u> n.1., the Supreme Court's Order does not prohibit the Court from receiving such evidence.

The Court has considered Respondent's Motion in Limine to Exclude Petitioner's Affidavit Evidence. (Doc. 50.) For the above stated reasons, the Motion is **DENIED**.

SO ORDERED this 8th day of June 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA