FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2⁰¹⁰ AUG 12  AM 10: 55

CLERK_____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| IN RE TROY ANTHONY DAVIS | ) ) ) | CASE NO. CV409-130 |

## O R D E R

Before the Court is Petitioner Troy Anthony Davis's Motion
for Reconsideration of Evidentiary Ruling.  (Doc. 84.)   In the
motion, Petitioner asks this Court to reconsider its evidentiary
rulings  rejecting  the  affidavit  of  Dorothy  Ferrell  and
proscribing  the  testimony  of  Quiana  Glover.   (Id.  at  17.)
Petitioner also asks this Court to reopen the hearing to accept
additional live testimony.   (Id.)   The State has responded in
opposition, arguing that Petitioner has had his day in Court and
that  the  evidence  Petitioner  seeks  to  admit  is  ultimately
irrelevant to this case.  (Doc. 86.)

Petitioner's  consternation  regarding  Ms.  Ferrell  is
misplaced.   The Court never held her affidavit inadmissible, so
there is no need to "reconsider" this ruling.   Rather, due to no
fault  of  any  particular  party,  the  Court  never  ruled  on  the
admissibility of the affidavit.  (Doc. 83 at 468-73.)   However,
the  record  of  the  previous  proceedings  already  contains  Ms.
Ferrell's affidavit.  (Doc. 17, Ex. 32 at 80.)   Accordingly, Ms.
Ferrell's  affidavit  constitutes  part  of  the  evidence  in  this
case, regardless of its admission at the hearing.

The Court also does not see any reason to disturb its ruling regarding Ms. Glover. The rule in House v. Bell requires a Court to consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that would govern at trial." 547 U.S. 518, 538 (2006) (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)) (emphasis added). The House rule was derived from an article by Judge Friendly.[1] See Schlup, 513 U.S. at 328 (quoting Judge Henry J. Friendly, Is Innocence Relevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). According to Judge Friendly, the purpose for admitting otherwise inadmissible evidence was to avoid "the continued punishment of an innocent man" by allowing the Court to consider "all" the evidence because consideration of "all" the evidence would allow the Court to reach the most accurate determination. Friendly, supra, at 160. However, Petitioner was attempting to use the House rule to create an incomplete and deceptive record, perverting the purpose of the

---

[1] It bears noting that the overarching purpose of the article was to propose significant limitations on when collateral attack could be sought; it did not endeavor to create a lax system of review whereby petitioners could repeatedly contest their guilt. See the Honorable Henry J. Friendly, Is Innocence Relevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 142 (1970).

rule.[2]   By intentionally presenting unreliable hearsay while keeping the declarant out of court, Petitioner was seeking to prevent the Court from receiving all of the evidence, rather than providing the Court with a record on which the most accurate determination could be made.[3]   Accordingly, the motion is **DENIED**.

SO ORDERED this *12th* day of August 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court is puzzled by Petitioner's contention that he relied on this Court's order when choosing to present unsubstantiated hearsay testimony.   (Doc. 84 at 13.)   Even if Petitioner misunderstood the Court's order as to the admissibility of hearsay, it would be difficult to miss this Court's clear statement as to its lack of probative value.   (Doc. 56 at 2 n.2)
[3] In addition, there is no need to disturb this ruling because this Court is aware of what Ms. Glover's testimony would be, and its contents are cumulative of testimony already in evidence. (Doc. 83 at 483.)   Accordingly, it will not tip the balance in this case, so there is no need to reopen proceedings to consider it.