FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 OCT -8 AM 10: 33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE TROY ANTHONY DAVIS ) CASE NO. CV409-130
)
)

## O R D E R

Before the Court is Petitioner Troy Anthony Davis's Motion for Certificate of Appealability. (Doc. 94.) Pursuant to 28 U.S.C. § 2253(c), a habeas petitioner may not appeal an adverse decision to a federal court of appeals unless the district court issues a Certificate of Appealability. This certificate may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, this Court has serious doubts as to whether the Eleventh Circuit Court of Appeals has jurisdiction to hear an appeal in this matter.

In his Notice of Appeal to the Eleventh Circuit, Petitioner argues that he is not authorized to appeal this Court's decision directly to the Supreme Court. (Doc. 93.) First, Petitioner states that an appeal directly to the Supreme Court would be improper because direct appeals may only be taken where they are authorized by law and there is no statute authorizing direct appeals in habeas cases. (Id. at 2.) Second, Petitioner claims that prior cases indicate that

the Supreme Court "will not exercise original jurisdiction to issue writs of habeas corpus, when—as in this case—a court of appeals has jurisdiction to review the district court's final judgment." (Id.) Finally, Petitioner contends that under 28 U.S.C. § 1291 and 28 U.S.C. § 2253 all final orders in habeas proceedings are to be appealed to the courts of appeals.

In all of these arguments, however, Petitioner ignores one important fact: the Supreme Court exercised its original jurisdiction when transferring the petition to this Court. It is quite clear that when the Supreme Court transferred the habeas petition to this Court for a hearing and determination, the Supreme Court was exercising judicial power found within its original jurisdiction. Indeed, were the Supreme Court operating within the confines of its appellate jurisdiction, it would have been unable to entertain the petition because Petitioner had not obtained leave to file a second or successive petition. See Felker v. Turpin, 518 U.S. 651, 661 (1996) ("Although [28 U.S.C.] § 2244(b)(3)(E) precludes us from reviewing, by appeal or petition for certiorari, a judgment on an application for leave to file a second habeas petition in district court, it makes no mention of our authority to hear habeas petitions filed as original matters in this Court."). In short, Petitioner could only bring his claim under the Supreme Court's original jurisdiction.

Therefore, Petitioner's reliance on Supreme Court Rule 18 and 28 U.S.C. § 2101 is misplaced because these provisions are clearly referencing the Supreme Court's exercise of its appellate jurisdiction. This case is one that was filed directly with the Supreme Court rather than one that was originally filed with the district court and subject to direct appeal to the Supreme Court.

Furthermore, Petitioner's reliance on both <u>Dixon v. Thompson</u>, 429 U.S. 1080 (1977) and <u>Ex parte Abernathy</u>, 320 U.S. 219 (1943) is perplexing. In his Notice of Appeal, Petitioner cites these cases for the proposition that "the Supreme Court has concluded that it will not exercise original jurisdiction to issue writs of habeas corpus, when—as in this case—a court of appeals has jurisdiction to review the district court's judgment." (Doc. 93 at 2.) In this case, however, the Supreme Court stated that it was exercising its original jurisdiction when it transferred the case to this Court. <u>In re Davis</u>, 557 U.S. ___, 130 S. Ct. 1, 1 (2009) ("Simply put, the case is sufficiently 'exceptional' to warrant utilization of this Court's . . . <u>original habeas jurisdiction</u>." (emphasis added)). Besides the Supreme Court's express exercise of original jurisdiction, the inapplicability of <u>Dixon</u> and <u>Abernathy</u> is patently obvious. In both <u>Dixon</u> and <u>Abernathy</u>, the Supreme Court declined to

3

entertain habeas petitions because adequate remedies were available in the lower federal courts. Dixon, 429 U.S. at 1080; Abernathy, 320 U.S. at 220. In this case, however, Petitioner exhausted all of his remedies when the Eleventh Circuit refused to grant Petitioner leave to file a second or successive habeas petition, In re Davis, 565 F.3d 810 (11th Cir. 2009), a decision that was unreviewable by the Supreme Court, see Felker, 518 U.S at 661 (finding that 28 U.S.C. §2244(b)(3)(E) precludes the Supreme Court from reviewing judgment on applications for leave to file a second or successive habeas petition). Therefore, the Supreme Court exercising its original jurisdiction was the only procedural pathway that would allow Petitioner to make his innocence claim in front of a federal court.

This Court's conclusion that review of its order denying Petitioner habeas relief is to be had by the Supreme Court alone is bolstered by the plain circumstances of the petition's procedural journey to this Court. Petitioner's first federal habeas petition was denied by the district court, affirmed on appeal to the Eleventh Circuit, and denied certiorari by the Supreme Court. Davis, 565 F.3d at 814. At this point, Petitioner was prohibited from filing a second or successive habeas petition absent an order from the Eleventh Circuit authorizing such a filing. 28 U.S.C. § 2244(b). On

4

April 16, 2009, the Eleventh Circuit denied Petitioner's request for leave to file such a petition. Davis, 565 F.3d at 827. Importantly, Congress removed the Supreme Court's appellate power to review circuit court decisions granting or denying permission to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(E). Therefore, Petitioner's ability to obtain further review of his habeas claims in federal court was effectively foreclosed. However, Petitioner filed his petition in the Supreme Court, which exercised its original jurisdiction and transferred the petition to this Court for consideration. To now reason that Petitioner may appeal to the Eleventh Circuit, thereby restoring his remedies in the federal judicial system, would be contrary to the express intent of Congress. In other words, allowing Petitioner in this case to appeal to the Eleventh Circuit would make the Eleventh Circuit's decision not to grant Petitioner leave to file a second or successive petition, for all practical purposes, reviewable by the Supreme Court—a proposition the Supreme Court has recognized as expressly forbidden by Congress in § 2244(b)(3)(E). Felker, 518 U.S. at 661. To accept Petitioner's argument, therefore, would require this Court to believe that the Supreme Court can implicitly act in a manner expressly forbidden by Congress. The Court is unprepared to make such a ruling.

5

The better view is that this Court exercised the Supreme Court's original jurisdiction when ruling on the petition. In other words, the Supreme Court did not restore this Court's original jurisdiction when it transferred the petition; rather, the Supreme Court transferred its own jurisdiction to this Court. Therefore, any review of this Court's decision should be by the Supreme Court itself, not an intermediate appellate court. It would be incredibly anachronistic for a court of appeals to have appellate jurisdiction over cases brought under the Supreme Court's original jurisdiction. Accordingly, this Court reasons that the Eleventh Circuit lacks appellate jurisdiction to review this Court's order denying Petitioner habeas relief. As a result, Petitioner's request for a Certificate of Appealability is **DENIED**. Any review of this Court's decision to deny Petitioner's request for habeas relief must be conducted by the Supreme Court, not the Eleventh Circuit Court of Appeals.

SO ORDERED this 8th day of October 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA